Gaston, Judge.
 

 The plaintiff states in his bill that on the 10th of October, 1837, he and the defendant entered into a contract under their respective seals, whereby the latter agreed to purchase and the former to sell a tract of land by the following description, viz. “a tract of land lying in the County of Northampton, containing one thousand acres, more or less, bounded by the lands of Shirley Tisdale, Mrs. Sally Pope, Herod Dukes and others” and for the price, of $2000, one half part thereof to be paid on the 1st of January, 1839, with interest from the day of the agreement, and one half on the 1st day of January, 1840, also with interest as aforesaid, and that by the said contract the plaintiff bound himself to execute a conveyance for the land on the 1st of March then next ensuing, or, on failure to do so, to pay the defendant for the work he might do on the laud, and the defendant bound himself, on the execution of the conveyance, to make and deliver to the plaintiff bonds for the payment of the purchase money. The plaintiff charges that, upon the execution of the contract, the defendant entered into possession and hath ever since continued in the possession of the land, and that on the 1st of March, 1838, the plaintiff was ready to execute and offered to execute a conveyance as he had engaged to do, but the defendant would not comply with his part of the contract, refusing to give bonds for the purchase money; and the plaintiff prays that the court will compel the defendant specifically to execute his engagement. The defendant’s answer admits the execution of the written contract and his entering into possession of the land, as set forth in the bill, and, denying that the plaintiff
 
 *301
 
 ever tendered a conveyance or ever exhibited to him the draft of a conveyance for the land, nevertheless confesses that the defendant had announced to the plaintiff his refusal to pay or secure the price set forth in the written contract, because he had, since the execution thereoi, ascertained that the said land, instead of containing one thousand acres as therein stated, did not contain more than about six hundred acres; that, both before and at the,time of entering into the contract, the plaintiff informed him that it did contain one thousand acres; that the price of the land was fixed with reference to that quantity; that, in reliance upon this representation of quantity and under the belief that the land contained this quantity, the defendant entered into the contract; and states that the defendant hath offered, and by his answer he repeats the offer, to execute the engagement on his part, with a deduction in the price because of the deficient quantity. To this answer there is a general replication.
 

 Upon the proofs it appears that the land, which was the subject matter of the contract, contains about 700 acres. In one of the documents, under which the plaintiff denies his title, it is stated as containing about 700 acres, and in another as containing about 1000 acres, and, when the plaintiff bought, it was represented as containing 1000acres more or less. No proof has been made that the plaintiff made the positive assertion as to quantity, which is alleged in the answer. The only testimony offered for that purpose is that of a single witness, who deposes that, in the negotiation between the parties, he heard the plaintiff say either
 
 “
 
 that there was a thousand acres” or “it was said that there was a thousand acres,” and “ that he asked two dollars per acre or thought it ought to be worth two dollars per acre.”
 

 We entirely acquit the plaintiff of intentional misrepresentation. And we hold that the defendant has not shewn that the plaintiff made any representation in relation to the number of acres, of which the tract consisted, variant from that which is set forth in the written contract. But we do hold that, at the time of the contract, it was supposed by both the parties, although neither had any precise information in rela
 
 *302
 
 tion _ thereto, that the number of acres which it contained was about 1000 and that, at all events, it did not vary much from, that quantity. The plaintiff upon the refusal of jhe defendant to execute his engagement,
 
 might
 
 have brought an action at law to recover damages for the breach
 
 oí
 
 his covenant; and certainly there is nothing in the disappointment of the defendant in regard to the quantity of the land, which could operate as a
 
 bar
 
 against such a recovery whatever might be its effect upon the amount of the damages. But he has preferred to ask the aid of a Court of Equity to carry the contract into execution. The specific execution of a contract in equity is a matter not of absolute right in the party, but of sound discretion in the court. An agreement, to be carried into execution there, must be certain, fair and just in all its parts. Although it be valid at law, and, if it had been executed by the parties, could not be set aside because of any vice in its nature, yet, if its strict performance be, under the-circumstances, harsh and inequitable, a Court of Equity will not decree such performance, but leave the party claiming it to his legal remedy.
 

 If the
 
 certainty
 
 of this agreement depended wholly upon the words therein used, describing the land, the execution of the contract would labor on that account under serious difficulties. The only description of the land is, that
 
 it lies
 
 in Northampton county, contains one thousand acres more or less, and is bounded by the lands of
 
 persons therein
 
 named, and
 
 of others
 
 not named. But the parties appear to understand, from the exhibits filed, what is the tract that was the subject of their bargain, and the defendant sets up no special objection on this account. But this general vagueness of description renders more important the allegation, such as it is, in regard to quantity. Where there has been, an accurate and precise description in the contract
 
 by metes and bounds,
 
 from which the true quantity either distinctly appears or could easily be ascertained, a reference to a supposed quantity might not perhaps be deemed very material; but in
 
 that
 
 before us, the quantity constitutes a prominent part of the description, and approaches as near to certainty as any other part of it. With respect to a tract of land so
 
 *303
 
 described, there is great difficulty in laying down a rule, what deficiency in the estimate of quantity shall excuse the puri . „ . ,
 
 ....
 
 chaser m refusing to execute the contract or justify the court in withholding a decie'e fo'r executing it. Certainly a small difference, such as might reasonably result from a difference in measurement or in judgment, would not be held a valid ground for denying a specific performance; while' it must be obvious to every one that there may be a deficiency so striking as to render the demand of a specific performance unconscientious, without any abatement of price because of the deficient quantity of land. For although the land was neither bought nor sold professedly by the acre, it cannot well be doubted but that, in agreeing upon the price for the entire tract, regard was had on both sides to the quantity, which both supposed the estate to consist of, while a rateable abatement of price, therefore, would probably leave both in nearly the same relative situation, i'n which they would have stood, if the true quantity had been originally known, the decreeing of the entire price against the purchaser would be substantially to make him pay for what he did not get.
 

 The deficiency in this case is so large that we think the plaintiff ought not to be aided by us, unless he will allow compensation therefor. And as the defendant assents to execute the agreement upon such compensation being made, we direct a reference; to ascertain what is the precise deficiency in the number of acres, which the plaintiff is able to convey,- of the land referred to in the pleadings,, and what is a fair deduction from the stipulated price of the entire tract at its estimated quantity, because of such deficiency. The commissioner is to be provided with all the necessary powers to order a survey, compel the production of title papers, take testimoUy of witnesses,, and examine the parties on interrogatories.-