## FRANCIS v. HOWARD COUNTY.

### (Circuit Court of Appeals, Fifth Circuit. February 20, 1893.)

#### No. 93.

MUNICIPAL BONDS—OVERISSUE—INNOCENT PURCHASER—ESTOPPEL.

One who buys municipal bonds at one time in such number as to exceed in amount the limit of the issue authorized by law (being an amount capable of liquidation in a certain time, at a given rate of taxation, based on the assessment rolls) is chargeable with notice, and the municipality is not estopped to plead an overissue. 50 Fed. Rep. 44, affirmed.

In Error to the Circuit Court of the United States for the Western District of Texas.

Action by David R. Francis against Howard county, Tex., to recover upon coupons of county bonds. Judgment in part for plaintiff, and in part for defendant. See 50 Fed. Rep. 44, where a full statement of the facts and the opinion of the court will be found. Plaintiff brings error. Affirmed.

John H. Overall, for plaintiff in error.

S. H. Cowan, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and LOCKE, District Judge.

PARDEE, Circuit Judge. Plaintiff in error brought his action in the circuit court to recover on coupons past due on bonds issued by Howard county, state of Texas. The case is exhaustively stated in the lengthy finding of facts, and, in the view we take of the case, it is not necessary to recapitulate. The opinion of the circuit court, found in the transcript, fully considers the numerous questions of law and fact presented, and, in the conclusions reached, we find no error prejudicial to the plaintiff in error. Unquestionably the issue of bonds sued on was largely in excess of the amount which the county was authorized to issue, under the law of 1881, for the purposes therein mentioned, and it is in clear violation of the law to the extent of the overissue. The all-important question in the case is whether the county is estopped from pleading such illegality and invalidity. It is contended that the recital in each bond that "this bond is issued in accordance with the provisions of the act of the legislature of the state of Texas entitled 'An act to authorize the county commissioners' court of the several counties of this state to issue bonds for the erection of a courthouse, and to levy a tax to pay for the same,' approved February 11, 1881," is a recital of the performance of a condition precedent on the part of the county commissioners'

court, to wit, that the amount of the issue was within the limits allowed by the act of 1881, and that a purchaser of the bonds was not bound to inquire, the case being within the principles declared in Marcy v. Oswego, 92 U. S. 637; School Dist. v. Stone, 106 U. S. 183, 1 Sup. Ct. Rep. 84, and cases there cited; and, particularly, in Chaffee Co. v. Potter, 142 U. S. 355, 12 Sup. Ct. Rep. 216. In the last-mentioned case it was held: "When there is an express recital upon the face of a municipal bond that the limit of issue prescribed by the state constitution has not been passed, and the bonds themselves did not show that it had, the holder is not bound to look further." The answer to this contention of the plaintiff in error is that the recital in the bonds sued on is not a recital of facts so much as of a conclusion of law; that the bonds contain no express recital of the existence of any fact; and that a fair construction of the act of 1881 leaves the ascertainment of no fact to be found by the county commissioners' court as a condition precedent to the issue of bonds thereunder, but practically leaves the county commissioners' court and all purchasers and holders of bonds to act at their peril. All of the decisions of the supreme court of the United States from Dixon Co. v. Field, 111 U. S. 83, 4 Sup. Ct. Rep. 315, to Sutliff v. Board, 147 U. S. 230, 13 Sup. Ct. Rep. 318, (decided during the present term,) agree that the purchasers of bonds issued by municipalities under authority of laws which limit the amount of bonds to be issued to a certain percentage of the assessment rolls, or to a given rate of taxation, based on such rolls, are charged with notice of the assessment rolls, and of the amount of bonds which can be validly issued, based on such assessment rolls.

According to the finding of facts by the circuit court, bonds numbered from 1 to 30, being over twice the amount of bonds that the defendant county could lawfully issue under the act of 1881, were issued in bulk by the county commissioners' court of Howard county, were transferred by the treasurer of the county to Milliken & Co., who transferred them to Nelson & Noel, by whom they were transferred to the plaintiff; so that, in fact, the plaintiff and his vendors had actual notice, notwithstanding any recitals that may have been contained in the bonds themselves, that the issue of bonds was largely in excess of the amount which the defendant county could lawfully issue under the law invoked.

Considering all the undisputed facts in the present case, we are clear that the defendant county ought not to be estopped, by the recital contained in the bonds to the effect that they were issued in accordance with the provisions of the law of 1881, from pleading, as a defense to the action, the illegality and invalidity of the bonds sued on. The judgment of the circuit court is affirmed, with costs.