## QUAKER CITY NAT. BANK v. NOLAN COUNTY.

(Circuit Court of Appeals, Fifth Circuit. December 11, 1894.)

No. 234.

VALIDITY OF COUNTY BONDS—CONSTITUTIONAL RESTRICTIONS—BONA FIDE PURCHASERS.

Francis v. Howard Co., 4 C. C. A. 460, 54 Fed. 487, and Millsaps v. City of Terrell, 8 C. C. A. 554, 60 Fed. 193, followed. Citizens' Bank v. City of Terrell (Tex. Sup.) 14 S. W. 1003, and Nolan Co. v. State (Tex. Sup.) 17 S. W. 823, approved.

In Error to the Circuit Court of the United States for the Northern District of Texas.

This was an action by the Quaker City National Bank, of Guernsey county, Ohio, against the county of Nolan, Tex., to recover on coupons cut from certain bonds issued by that county. The case was tried to the court, without a jury, upon an agreed statement of facts. This statement of facts, which is of great length, will be found incorporated in the opinion rendered in the circuit court by Rector, District Judge, and reported in 59 Fed. 660. That court held that the bonds were invalid, under the constitution of the state, and that plaintiffs, though purchasing in the open market for value, were affected with notice of their invalidity. Judgment was accordingly rendered for defendant. Plaintiff brings error.

John J. Butts, for plaintiff in error.

W. W Leake, for defendant in error.

Before PARDEE and McCORMICK, Circuit Judges, and BRUCE, District Judge.

McCORMICK, Circuit Judge. The questions involved in this case are not open questions in this court. On reasoning which we have approved, and still consider sound and sufficient, both of the vital propositions submitted have been decided by the supreme court of Texas adversely to the contention of the plaintiff in error. Citizens' Bank v. City of Terrell, 78 Tex. 456, 14 S. W. 1003; Nolan Co. v. State, 83 Tex. 183, 17 S. W. 823; Francis v. Howard Co., 4 C. C. A. 460, 54 Fed. 487; Millsaps v. City of Terrell, 8 C. C. A. 554, 60 Fed. 193. We have read with care and interest the learned and able brief submitted for the plaintiff in error, but are unwilling to open the questions which we have settled on full argument of counsel, and careful consideration by the court. The judgment of the circuit court is affirmed.