## WADE v. TRAVIS COUNTY, TEX.

### (Circuit Court of Appeals, Fifth Circuit. June 16, 1897.)

#### No. 527.

1. VALIDITY OF COUNTY BONDS—CONSTITUTIONAL REQUIREMENT TO LEVY TAX TO PAY.

  The provision of Const. Tex. art. 11, § 7, that "no debt for any purpose shall ever be incurred in any manner by any city or county, unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund," applies to all cities and counties, and is not restricted to counties and cities bordering on the Gulf coast, which, by the preceding sentence of that section, are authorized to levy and collect a tax for the construction of sea walls, breakwaters, or other sanitary purposes, and to create a debt therefor, and issue bonds in evidence thereof.

2. FEDERAL COURTS—STATE DECISIONS.

  A decision of the highest court of a state construing a provision of the state constitution limiting the power of counties and cities as to the creation of debts, is binding on the federal courts.

Error to the United States Circuit Court for the Western District of Texas.

J. P. Blair, T. B. Cochran, Robt. G. West, and T. W. Gregory, for plaintiff in error.

Franz Fiset, for defendant in error.

Before PARDEE, Circuit Judge, and NEWMAN, District Judge.

NEWMAN, District Judge. Suit was brought in the United States circuit court for the Western district of Texas by the plaintiff in error against the defendant in error, Travis county, Tex., to recover upon interest coupons which had been detached from 47 bonds issued by Travis county for the purpose of building an iron bridge across the Colorado river. The coupons were for $60 each. The defendant demurred to plaintiff's petition, the demurrer was sustained, and an exception duly entered. The question in the case is whether the bonds issued by the county of Travis, and from which the coupons sued on were detached, were issued in conformity to law and to the constitution of Texas on the subject. This question of the validity of the bonds depends first and mainly on the construction of a provision of the constitution of Texas,—section 7, art. 11. Section 7 is as follows:

"All counties and cities bordering on the coast of the Gulf of Mexico are hereby authorized, upon a vote of two thirds of the taxpayers therein (to be ascertained as may be provided by law) to levy and collect such tax for construction of sea walls, breakwaters or sanitary purposes as may be authorized by law, and may create a debt for such works and issue bonds in evidence thereof. But no debt for any purpose shall ever be incurred in any manner by any city or county, unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay the interest thereon and provide at least two per cent. as a sinking fund; and the condemnation of the right-of-way for the erection of such works shall be fully provided for."

The contention for the defendant in error is that the latter clause of this section, that "no debt for any purpose shall ever be incurred in any manner by any city or county, unless provision is made," etc., is applicable to the contract made by the county for the building of this bridge, and that, the petition of the plaintiff failing to show compliance with it, the contract is void, the bonds illegally issued, and the county not bound for their payment. The contention, on the other hand, is that the language of this last clause must be read in connection with the preceding portion of the section, and, taking that section together with existing conditions, and the action of the constitutional convention in connection with the adoption of this section, that this last clause must be held, as the former part of the section, to apply only to the counties bordering on the coast of the Gulf of Mexico. It is said that immediately preceding the action of the convention in placing this section in the constitution a great hurricane had swept over the Gulf coast, causing the city of Galveston to be submerged, and resulting in much destruction to life and property on the entire coast. It is said that this caused section 7 to be placed in the constitution, and that it must be read and construed in the light of the situation at that time. We do not understand this last clause to be so restricted. It seems to us to be entirely separate from the preceding part of the section, and to refer to all the cities and counties of the state. Judge Maxey so held in the court below, and we agree with him that this is the proper construction of the section. 72 Fed. 985. This is the view heretofore taken by this court of this section of the constitution of Texas, as will be seen by an examination of the cases of Millsaps v. City of Terrell, 8 C. C. A. 554, 60 Fed. 193, and Quaker

City Nat. Bank. v. Nolan Co., 14 C. C. A. 157, 66 Fed. 883. While the question made here was not distinctly made in those cases, the court seems to act in both cases upon the assumption that the construction which applies the latter part of the section to all cities and counties in the state is the correct one. But, even if the question was doubtful here, we would be controlled by the decisions of the supreme court of Texas construing this provision of the state constitution. An examination of the decisions of that court leaves no doubt that its construction is in accordance with that of the circuit judge in the case at bar.

In the opinion of the court in the case of City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593, this language is used:

"Section 7 of the same article contains this still more emphatic declaration: 'But no debt for any purpose shall ever be incurred in any manner by any city or county, unless provision is made at the time of creating the same for levying and collecting a sufficient tax to pay the interest thereon, and to provide at least two per cent. as a sinking fund.' In Corpus Christi v. Woessner. 58 Tex. 462, it was intimated that there might be a question whether the provisions quoted applied to cities other than such as have more than ten thousand inhabitants; but the determination of the point was not necessary to the decision of that case, and it was not decided. The question is presented in the case before us, and we are of opinion that they must be held to apply to all cities alike. It is true that section 5 relates mainly to cities having more than ten thousand inhabitants, and provides that they may be chartered by special acts of the legislature, and fixes the limits of their taxing power. Section 7 also relates in the first place to counties and cities upon the sea coast, and authorizes them to levy and collect taxes for the construction of sea walls, breakwaters, and sanitary purposes, and to create debts for these objects. But the provisions we have quoted contain no word or words which restrict their application to the cities previously mentioned in the same section. The language is general and unqualified, and we find nothing in the context to indicate that the framers of the constitution did not mean precisely what is said; that is, that no city should create any debt without providing by taxation for the payment of the sinking fund and interest."

In the case of Nolan Co. v. State, 83 Tex. 182, 17 S. W. 823, the latter clause of the section of the constitution under consideration is treated as applying to all counties of the state. Page 200, 83 Tex., and page 829, 17 S. W.

It is said that in deciding the case of City of Waxahachie v. Brown, 67 Tex. 519, 4 S. W. 207, the court took a different view of this clause of section 7, and in fact restricted its application to cities and counties bordering on the Gulf of Mexico; and that decision, it is argued, entered into and became a part of the contract for building the bridge and issuing the bonds in the case here. Without determining whether or how far that decision of the supreme court, even if it went to the extent claimed, would have the effect indicated, it is sufficient to say that an examination of that case shows that it was not the intention of the court to construe this clause of the constitution at all. The only mention made in that decision of this provision of the constitution was incidental, and only made in the summing up of the different constitutional provisions bearing upon the question under consideration in that case. The question made here was not made there, and there was evidently no intention on the part of the court to decide it. The

opinion we entertain of the proper construction of this clause of the constitution, the former decisions of this court, and the decisions of the supreme court of the state of Texas all combine to sustain the circuit judge in his decision on this question in the court below. The opinion in Brazoria Co. v. Youngstown Bridge Co. (recently decided in this court) 80 Fed. 10, is in harmony with, and fully supports, the conclusions herein announced. The judgment of the court below sustaining the demurrer to the plaintiff's declaration should be affirmed, and it is so ordered.