JUNIUS W. BENNETT v. BOARD OF COMMISSIONERS OF ROCKINGHAM COUNTY.

(Filed 26 May, 1917.)

**1. Counties—Highways—Taxation—Constitutional Limitation—Statutes.**

Without special legislation, a county may not authorize a levy of tax, exceeding the constitutional limitation upon the poll or property, to provide for a sinking fund to pay the principal and interest on bonds to be issued by it for highway purposes. Constitution, Art. V, sec. 1. It is otherwise as to a four months period of public schools required by Article IX, sec. 3, of the Constitution.

40—173

**2. Same—Bonds—Special Acts.**

When the county commissioners have power to contract a debt or to provide for a valid debt already contracted, they may, in the exercise of good business prudence, issue county bonds in evidence of the obligation; but this may be done only in subservance of the constitutional limitation upon the right to tax the polls and property of its inhabitants, when no special legislative authority has been given. Constitution, Art. V, sec. 1.

**3. Same—Scheme of Taxation—Constitutional in Part—Sinking Fund.**

Provisions of a county pledging its faith and credit to the issuance of bonds for highway purposes in a large amount, creating a sinking fund for the payment of the principal and interest, to each successive holder, with covenant that an annual tax shall be continuously levied for those purposes, and it appears that this stipulation is in excess of the constitutional limitation, Art. V, sec. 1, these conditions are mutually dependent upon each other and form an entire scheme for the purpose of the issuance; and the whole act will be declared invalid, as not coming within the principle upon which a valid portion of an act may be upheld and its unconstitutional features declared void.

**4. Same—General Acts.**

Subsection 27, section 1318 of the Revisal, conferring on county commissioners the power to borrow money for the necessary expenses of the county and provide for its payment, with interest, in periodical installments, comes within the terms of the section in the general enumeration of the powers conferred for ordinary governmental purposes, and is not such special enactment as to enable a county, coming within its terms, to levy a tax for highway purposes exceeding the limitation imposed by the Constitution, Art. V, sec. 1, or to issue bonds and provide a sinking fund for the payment of the principal and interest thereof.

**5. Same—Annual Taxation—Legislative Control.**

Chapter 581, Laws 1899, applying to certain counties, providing for the construction, improvement, and repairing the public roads by current taxation, annually levied, contains no authority to lay a tax for paying interest or providing for a sinking fund for the same, and is repealable or amendable by each Legislature, and can of itself afford no authority to a county, coming within its provisions, to issue bonds for road purposes in a large amount, necessitating a tax in excess of the constitutional limitation, which the Legislature could not control by repeal or otherwise.

**6. Constitutional Law—Invalid Bonds—Rights of Purchasers—Delivery.**

Where bonds, invalid for want of constitutional authority, have been issued, the proposed purchasers may not set up a valid right to have them delivered, under their agreement, as *bona fide* purchasers for value, where nothing has been paid by them thereon.

CIVIL ACTION to restrain the issue and delivery of $200,000 bonds of the county of ROCKINGHAM in pursuance of a resolution of the board of commissioners, heard, by consent, before *Lane, J.,* as resident judge of the Eleventh District, at Reidsville, N. C., on 28 April, 1917.

On the hearing it appeared that in January, 1917, the board of commissioners of Rockingham County, in meeting assembled, after reciting that it was necessary to build and improve the public roads of the county to have and raise $200,000, and that said sum was required for the purpose and was a necessary expense thereto, passed and spread upon the minutes a resolution to issue and sell bonds to that amount of the denomination of $1,000, numbered from one to two hundred, payable at stated periods, etc., with interest at 4½ per cent, payable semiannually, etc., establishing a form, etc., and providing for their issue and sale. Section 2 of the resolution is as follows:

"SECTION 2. It is hereby declared that all recitals and statements in the aforesaid bond are true, and the full faith and credit of the county of Rockingham are hereby pledged to each successive holder of each of said bonds and coupons for the punctual payment of the principal and interest thereof when and as the same become due. And the said county hereby covenants and agrees with each successive holder of each of said bonds and coupons that there shall be levied and collected each year on all taxable property in said county an annual tax sufficient to constitute a sinking fund for the payment of said bonds at maturity, which tax for the payment of said principal, when collected, shall be and remain a sinking fund to pay said bonds, and shall be safely and properly kept for this purpose by said county. The tax authorized for the payment of interest and principal of said bonds shall continue in force until the whole amount of principal and interest shall have been paid. The tax authorized hereby for the payment of the principal and interest of said bonds shall be and the same is hereby levied and directed to be collected each and every year while any of said bonds and coupons are outstanding and unpaid upon all the property subject to taxation by said county. There shall be and there is hereby provided a sinking fund to be kept by the treasurer of said county and his successors in office and to be designated as the 'Sinking Fund' for payment of said bonds, and the proceeds of the tax levied, above mentioned, for the purpose of paying the principal of said bonds shall be paid into said sinking fund as soon as the same has been collected, and shall remain in said sinking fund until required for the payment of the principal of said bonds, and when the respective payment of the principal and interest of the said bonds shall fall due the treasurer of said county and his successors in office shall and are hereby each respectively authorized, directed, and commanded to pay out of the money collected for the payment of the interest upon said bonds, and for payment of the principal thereof the respective amount of principal and interest of said bonds as soon as the same shall fall due." That said bonds have been bargained at par to Sidney Spitzer & Co. of Toledo, Ohio, but have not yet been

issued or delivered. It further appeared, as recited in his Honor's judgment, that the ordinary State taxes levied in Rockingham County was 47⅔ cents on the $100 valuation of property and 18⅓ cents for general county purposes, and that the county was now levying a tax of 24 cents on the $100 valuation for road purposes under chapter 581, Laws 1899, a special levy for the county home of 4 cents on the $100, and that the tax required to comply with the resolution of the board of commissioners would approximate 17 cents on the $100 valuation.

On these, the facts chiefly relevant, there was judgment denying the application for restraining order, and plaintiff, having duly excepted, appealed.

*P. W. Glidewell for plaintiff.*
*Jno. R. Humphreys for defendant.*

HOKE, J. The Constitution, Art. V, sec. 1, provides, in effect, that for ordinary purposes the State and county tax combined shall in no case exceed the sum of $2 on the poll and 66⅔ cents on the $100 valuation of property. So far as we are aware, and as to debts and obligations incurred since the provision was established, no departure from this limitation on the amount of taxation has been approved except when and to the extent required to maintain a four months school, as enjoined by Article IX, sec. 3, *Collie v. Comrs.,* 145 N. C., 170, and except when the tax is levied for a "special purpose and with the special approval of the General Assembly." *Moose v. Comrs.,* 172 N. C., 419; *R. R. v. Comrs.,* 148 N. C., 220.

In view of the constitutional provision and the decisions of the Court construing the same, we are of opinion that the county commissioners of Rockingham County are without power to incur this indebtedness of $200,000, issue the negotiable bonds of the county in evidence of their obligation, and stipulate for a continuing tax to pay the interest and provide a sinking fund which is in excess of the established limitation. *Board of Education v. Comrs.,* 107 N. C., 110; *French v. Comrs., supra; Millsaps v. Terrell,* 60 Fed., 193.

True, we have held in this jurisdiction that when county commissioners have power to contract a debt or to provide for valid debts already contracted, they may, in the exercise of good business prudence, issue county bonds in evidence of the obligation, the right of taxation, therefor, being restricted to the constitutional limitations as to debts incurred since the same was adopted. *Comrs. v. Webb,* 148 N. C., 120; *McCless v. Meekins,* 117 N. C., 34; *French v. Comrs.,* 74 N. C., 692; *Johnston v. Comrs.,* 67 N. C., 103.

It is true, also, that when the power to issue bonds exists, the mere fact that there is limit on the power of taxation will not always and of itself

be held to invalidate the bonds. *Comrs. of Pitt v. McDonald,* 148 N. C., 125. But neither of these rulings can be properly extended to uphold a bond issue of this magnitude when, as a part of the same proposition, it is provided that: "All recitals in the bonds are true, and the full faith and credit of the county are pledged to each successive holder, etc., for the punctual payment of principal and interest." A covenant is given that an annual tax shall be continuously levied to pay the interest and provide a sinking fund to take up the issue as it matures, and it appears, further, that the tax to be levied and required for meeting this stipulation is in excess of the constitutional limitation above referred to. However desirable the measure may seem, these resolutions of the board of county commissioners, mutually dependent the one upon the other and constituting an entire proposition, are but a piece of local legislation which must, as in other like cases, conform to constitutional requirement, and which are subject to another recognized principle, that when an essential portion is found to be invalid, the entire scheme must fail. *Claywell v. Comrs. of Burke County,* at present term, and authorities cited.

It is contended for defendants that the power in question arises to the commissioners under and by virtue of chapter 23, sec. 1318, Rev., subsec. 27, conferring on county commissioners the power to borrow money for the necessary expenses of the county and provide for its payment, with interest, in periodical installments, termed in the brief the "inherent right of law"; but we are unable to concur in this view. The subsection appears in the general act providing for county government and in the general enumeration of powers conferred for ordinary governmental purposes, and while it might, under our decisions and in the presence of emergencies, extend to the issue of bonds, keeping the rate of taxation within the constitutional limit, the statute neither is nor does it purport to be a "special act and for a special purpose" within the meaning of the constitutional provision.

Again, it is insisted that under chapter 581, Laws 1899, which is applicable to Rockingham County, the commissioners are now laying a road tax more than sufficient to pay the interest and provide a sinking fund for these bonds, and that defendants can, therefore, rely upon that statute as legislative authority for the present measure. The statute in question confers upon commissioners of certain counties the power to levy an annual tax for general road purposes, enjoins it upon them as a duty, and the amount specified seems to be sufficient to pay the interest and provide a sinking fund for the bonds; but the law, as stated, confers authority to levy an annual tax for road purposes. It contains no authority to issue bonds nor to lay a tax for the purpose of paying interest or providing a sinking fund for same. It is a statute to provide for the construction, improvement, and repairing of roads by cur-

rent taxation, which could, at any session, be repealed or amended by the Legislature, and is, therefore, a very different proposition from this proposed bond issue, which, by its contract and recitals, may become practically a fixed charge upon the county, compelling an excessive tax levy till the bonds are paid off, principal and interest. *Waite v. Santa Cruz,* 184 U. S., 302; *Dixon Co. v. Field,* 111 U. S.; 83; *Cromwell v. County of Sac,* 96 U. S., 31.

The statute of 1899, directing the levy of an annual tax for road purposes, confers no authority to issue these bonds or levy a tax therefor, and this position must also be disallowed. Constitution, Art. V, sec. 7; *R. R. v. Comrs.,* 148 N. C., 220.

We are not inadvertent to the fact stated in the record, that the proposed bond issue has been sold at par to Sidney Spitzer & Co., Toledo, Ohio. The contract is evidently executory, and the commissioners being, as we have seen, without power to issue the bonds or make a valid contract to do so, no delivery should be made. We do not understand these alleged purchasers to insist on it. Having as yet paid nothing on their bargain, they could in no event maintain the position or assert any rights growing out of it that they are bona fide holders for value. *Howlett v. Thompson,* 36 N. C., 301; Fetter's Equity, p. 95.

There is error, and this will be certified, that the restraining order shall issue as pleaded for.

Error.