### JOHN C. BIDDLE V. CITY OF TERRELL.

#### No. 2934.

1. **Indebtedness of City.** — The Constitution of the State requires that cities creating debts shall at the same time make provision for the payment of the same by assessing a tax to pay the interest and to provide a sinking fund. This does not apply to current expenses. An obligation not so made can not be enforced.

2. **Current Expenses of City.** — An obligation by city to pay for the erection of a town hall and school building is not created for current expenses.

3. **Practice—Demurrer to Petition.** — Allegations in an answer when denied in the petition can not be looked to in aid of the petition when considered upon demurrer. In such case the petition should be tested by its own allegations.

APPEAL from Kaufman. Tried below before Hon. ANSON RAINEY. The opinion states the case.

*Manion & Huffmaster*, for appellant.—1. The power to sue and be sued given to a municipal corporation confers on such corporation the right to settle or compromise claims. Dill. on Mun. Corp., 2 ed., sec. 398; Petersburg v. Mappin, 14 Ill.,193; Supervisors v. Bowen, 4 Lans., 24.

2. If the city of Terrell made a compromise of the suit with Hinds & Rousseaux and failed or refused to appropriate money for that purpose, or refused to levy and collect a tax to pay same, then a suit could be maintained to compel it so to do; and unless a want of power in the city to assess and collect the tax appeared on the face of the petition a general demurrer would be of no avail. Boone on Law of Corp., sec. 156; The State v. Milwaukee, 25 Wis., 122; Darlington v. Mayor, 31 N. Y., 164; Commonwealth v. Pittsburg, 34 Pa. St., 496; The State v. Mayor, 23 La. Ann., 358; Von Hoffman v. Quincy, 4 Wall., 535.

*J. O. Terrell* and *Word & Charlton,* for appellee.—The lower court rightfully sustained defendant's demurrer to plaintiff's petition, and he declining to amend, the suit was properly dismissed. Plaintiff's petition sets out the ordinance under which the notes sued on were executed. This ordinance shows on its face that no provision whatever was made by the city council for the payment of these notes. The plaintiff's petition shows that the notes were given in part payment for the building of a city hall by Hinds & Rousseaux. The notes do not show how they were to be paid. The ordinance does not provide for their payment. The petition fails to allege that any provision was made for their payment. The ordinance set out fails to appropriate any given sum of money to payment of the compromise debt, and fails to find and designate the sums for which notes were to be executed. Const., secs. 5, 7, art. 11; Rev. Stats., art. 427; City of Terrell v. Dessaint, 71 Texas, 770; Rev. Stats., arts. 420, 421.

FISHER, JUDGE, *Section B.*—This suit is by appellant against appellee to recover on two promissory notes executed by appellee, October 27, 1885, one for $1404 and the other for $103, both due nine months after date, bearing interest from date at 8 per cent per annum. These notes were executed by the city of Terrell as the result of a compromise of a certain suit instituted by Hinds & Rousseaux against the city of Terrell to recover balance due on a contract to erect for the city a town hall and school building. The petition among other things alleges that the city refuses to pay the notes and has refused to levy and collect taxes to pay same.

The court below sustained a general demurrer to the petition. Plaintiff declining to amend, judgment was rendered that he take nothing by his suit and that defendant go hence with its costs.

The petition states a good cause of action against the city, with the exception that it fails to allege that any provision was made by the city for the payment of the notes. For reason of the defect in the petition in this respect it is evident the demurrer was sustained. The Constitution requires that cities in creating debts shall at the same time make provision for the payment of the debts by assessing and collecting a tax to pay the interest thereon and to provide a sinking fund to meet the principal. This requirement of the Constitution has been held not to apply to debts created by the city for current expenses. It is not contended that the debts evidenced by these notes are for current expenses. Construction has been given these provisions of the Constitution in the case of City of Terrell v. Dessaint, 71 Texas, 772. The court in that case say: "The language is general and unqualified, and we find nothing in the context to indicate that the framers of the Constitution did not mean precisely what is said—that is, that no city should create any debt without providing by taxation for the payment

of the sinking fund and interest." The appellant seeks to avoid the defect of the petition in this respect by calling to its aid the averment of the answer that it is claimed shows that provision was made for the payment of these notes. We doubt if such construction can be fairly placed upon the averments of the answer. But we do not think the answer in this case can be looked to in order to aid the defects of the petition in stating a cause of action. The petition in this case directly charges that the city of Terrell refuses to pay the notes and has refused to levy and collect taxes to pay same. Nor is there in the petition any averment showing that the city of Terrell has otherwise made provision for paying these notes. If the averments in the answer can be construed as showing that provision for payment of these notes was made, then there is certainly an inconsistency between such averments and the allegations of the petition that in express terms negative the existence of any such provision made by the city of Terrell for the payment of the notes. When a demurrer is interposed to the petition under such circumstances, it should be considered without reference to the allegations contained in the answer, and the merits of the petition should be tested alone by reference to what is therein alleged.

We think the demurrer was properly sustained, and report the case for affirmance.

*Affirmed.*