### Gulf, Colorado & Santa Fe Railway Company
### v. Edwin Vieno et al.

#### No. 787.

1.  **Suit by Parents for Damages for Killing Their Minor Son.**—Action by parents against a railway company for negligently causing the death of their minor son, in its employ without consent of his parents.  The petition did not allege knowledge or notice on part of the railway company of the son's minority at the time of employing him.  Verdict for plaintiffs.  On motion for new trial the defect was urged. *Held:*

    1.  The allegation was material to the cause of action.

    2.  Verdict and entry of judgment do not cure the defect.

    3.  As basis for a valid judgment pleadings are as essential as evidence.

    4.  We have been unable to find any authoritative decision that goes to the extent of holding that the omission or failure to plead a fact essential to good pleading, the averment of which should be made in order to state a cause of action, is waived by

the failure to demur, or that such defect could not be urged at some later stage of the proceedings.

5. Such defect is ground for reversal of a judgment for plaintiff upon such petition.

2. Acquiescence.—There being testimony to the knowledge by the father of his son's employment by the railway, such fact should have been submitted to the jury.

APPEAL from Bell. Tried below before Hon. WM. A. BLACKBURN.

J. W. Terry, for appellant.—1. It was error for the court to charge the jury on a theory of the evidence not made by the pleadings; and to state a cause of action on the ground of wrongful employment of the minor, it should be alleged that the defendant had notice of his minority, and that with such notice it employed the minor without the consent of his parents. There being no allegations in the petition that the defendant had notice of the fact of his minority at the time of his employment or afterwards, the court erred in submitting that issue to the jury. The plaintiff can recover only on facts alleged. Facts, though proven, can not form the basis of recovery unless alleged. Railway v. Redeker, 67 Texas, 190; 2 Myer's Texas Dig., 919, 920; Railway v. Terry, 42 Texas, 451; Loving v. Dixon, 56 Texas, 75.

2. The court erred in submitting the issue of wrongful employment, because the undisputed evidence shows that the father, Ed. Vieno, knew that his son was in the employment of the defendant as a brakeman, and while he protested to his son he did not give notice to the superintendent or any agent or employe of the defendant of his objection to such employment, and by such failure to give such notice as a matter of law he acquiesced in said employment, which in law was equivalent to consent, hence the court erred in charging the jury to find for the plaintiff if there was no consent. It was error for the court to submit the issue of consent, when the uncontradicted evidence showed that acquiescence, the legal equivalent of consent, existed to the prejudice of the defendant, because the charge was an intimation to the jury that in the court's opinion there was sufficient evidence upon which they could find a verdict on the issue of wrongful employment. It was error for the court to charge the jury, as the court did, to find for the plaintiffs if George Lemuel Vieno was employed as a brakeman without the consent of the plaintiffs, because the evidence conclusively showed the existence of subsequent acquiescence, which in legal effect precluded recovery. Railway v. Gilmore, 62 Texas, 391; Railway v. Kuehn, 70 Texas, 582; Dillingham v. Brown, 17 S. W. Rep., 45; Railway v. Faber, 63 Texas, 344; Box v. Word, 65 Texas, 160.

FISHER, CHIEF JUSTICE.—This is a suit by the appellees to recover damages on account of the death of their son, George Lemuel Vieno, whose death is alleged to have been caused by the negligence of the de-

fendant; and plaintiffs also alleged, that he was a minor employed by the defendant in the hazardous position of a brakeman, and without the consent of the plaintiffs.

The court in its charge only submitted to the jury the issue of plaintiffs' right to recover on the ground of the employment of their minor son without their consent, and did not submit any issue of negligence.

There was a verdict and judgment for the appellees for $1500.

There are several assignments of error that complain of the charge of the court that we think untenable, except as to the ground to be noticed.

The charge did not present that phase of the case that sought recovery on the ground of the negligence of the appellant, but presented only the issue as to the right of the appellees to recover for the value of the services of their minor son, of which they had been deprived by reason of the death of the minor while engaged in the hazardous employment by appellant without the consent of his parents.

Upon this branch of the case, we think the charge fairly and fully, and in a clear, concise manner, presented the issues to the jury, and about which the appellant has no just ground of complaint, provided the pleadings presented an issue as a basis for the charge.

One of the contentions of appellant is, that the petition fails to allege that the appellant employed the deceased son knowing of his minority at that time, or at the time he was engaged in its service, and therefore that the issue presented to the jury is without pleading upon which to base it. A motion for a new trial in the court below was made, calling the attention of the trial court to this question. A general demurrer was addressed to the petition, but it does not seem that it was called to the attention of the trial court.

The record being in this condition, we have had some difficulty in determining whether the sufficiency of the petition can for the first time be questioned and called to the attention of the trial court upon a motion for a new trial. Of course, if the petition does not state a cause of action, it is not too late to question the judgment by motion for new trial as being without pleadings to support it. The petition in this case, upon which the charge of the court and the judgment are based, does not allege that the appellant employed the deceased son with knowledge or notice of his minority.

As we understand the case of Railway v. Redeker, 67 Texas, 190, it is there held, that this fact must be alleged and proven in order to entitle the parents to recover. And that case was reversed because the court charged the jury that the mere employment of the minor without the consent of the parents would authorize them to recover. The court said this was error, for the reason that the railway company could only be held liable if they employed the deceased with notice of

his minority. And the decision rests upon the parents the burden of alleging and proving that fact.

Thus we find, by force of the rule laid down in that case, that notice or knowledge of the minority of the deceased son upon the part of the employer is an essential element of the parents' cause of action, and that it must exist in order that they may recover. This is indispensable to a valid recovery.

It is elementary that a charge presenting an issue not raised by the pleadings (Loving v. Dixon, 56 Texas, 78), or a question outside of the case made by the pleadings (Railway v. Terry, 42 Texas, 454), or submitting an issue of which there is no evidence (Blanton v. Mayes, 58 Texas, 428; Cook v. Dennis, 61 Texas, 248), is erroneous, and is ground for reversal.

Many decisions may be found coming from the Supreme Court of this State announcing and applying the principle that facts not alleged, though proven, can not form the basis of a judgment. Mims v. Mitchell, 1 Texas, 443; Hall v. Jackson, 3 Texas, 309; Lemmon v. Hanley, 28 Texas, 227; Wallace v. Bogel, 62 Texas, 638; Chrisman v. Miller, 15 Texas, 161.

With these principles of law as our guide, we think it was erroneous for the court to submit to the jury the issue as to the liability of the appellant for the loss of the services of the deceased minor by reason of his death when wrongfully in the employ of appellant. The pleading did not present this issue, as it omitted to state a fact that was necessary to be stated in order for it to make a case showing the liability of the appellant. The verdict and the judgment would not cure this defect in the petition, nor was it waived because a demurrer was not addressed to it. The fact omitted was a matter of substance. The very life of plaintiffs' case depended upon the existence of the fact not pleaded.

As a basis for a valid judgment pleadings are as essential as evidence; and if the petition upon which relief is asked fails to aver a fact the existence of which is essential in order to hold the defendant liable, why should not this be held as fatal to the judgment as if there was no evidence to support it in this particular?

Many cases may be found holding that it was reversible error to charge upon an issue of which there was no evidence, and reversing judgments because a material fact was not established.

When testing the legality of a charge by the case made and the facts in issue, the rule that requires it to be in keeping with the case made by the pleading is as important to be observed as the rule that requires it to present only issues that are supported and warranted by the evidence.

The courts ordinarily disapprove of the practice of calling in question the sufficiency of pleadings for the first time by objections to evi-

dence or of the charge of the court, or by motions for new trials or arrest of judgments, and decisions may be found that hold that the objection should be raised only by demurrer, and if not done, the defect would be waived. But we have been unable to find any authoritative decision that goes to the extent of holding that the omission or failure to plead a fact essential to the validity of good pleading, and the averment of which should be made in order to state a case against the defendant, was waived by the failure to demur, and that the defect could not be urged at some later stage of the trial. The establishment of such a doctrine would, in effect, overthrow the principles of law heretofore stated.

In Borden et al. v. Houston, 2 Texas, 615, it is said, that "doubtless it is the duty of a party to except and thus obtain directly the judgment of the court upon the pleadings of his adversary which he may deem insufficient; but should he fail to do so, this will not authorize a judgment upon a petition or answer which manifestly discloses no cause of action or grounds of defense, though its verity in fact be admitted or proved. The mere omission of the plaintiff to except to an insufficient answer can not give a right which the answer does not disclose, nor divest the plaintiff of his right to a judgment, if upon the whole case he shall appear entitled to recover. The court can not give to the allegations of the answer, when proved, any more than their legal effect."

This doctrine has been reaffirmed and cited with approval in the cases of Patterson v. Goodrich, 3 Texas, 335; 4 Texas, 494; Powell v. Davis, 19 Texas, 384.

We can not say that the evidence does not support the judgment. And on the question of acquiescence, as raised in appellant's fourth proposition, we suggest that that issue be submitted to the jury.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered May 2, 1894.