The motion for rehearing is granted, the affirmance set aside, and the judgment reversed, and the cause remanded.

BRIDGERS et al. v. CITY OF LAMPASAS et al.  (No. 6665.)

(Court of Civil Appeals of Texas. Austin. Jan. 31, 1923. Rehearing Denied March 21, 1923.)

1. **Municipal corporations ⟨⟩70 — Exclusive control over streets held delegated to cities of less than 5,000 population.**

Under Rev. St. art. 854, as amended by Acts 1913, c. 152, and Acts 1917, c. 144 (Vernon's Ann. Civ. St. Supp. 1918, art. 854), the Legislature has delegated to incorporated cities of less than 5,000 population the exclusive control over streets, alleys, and highways, in view of article 6862, making provision for control and improvement of streets in cities in which from any cause there is not a de facto municipal government in the active discharge of their official duties.

2. **Municipal corporations ⟨⟩288(1)—City has implied power to contract on general credit with respect to improvements they are authorized to make.**

Municipal corporations are invested by implication with the power to contract on the general credit of the city with respect to such improvements as they are authorized to make.

3. **Counties ⟨⟩164—Interest-bearing warrants for courthouse and road improvement indebtedness maturing in after years may be issued by county on its general credit.**

Counties have power to contract for the construction of courthouses or for the improvement of public roads on the general credit of the county, and to issue in evidence of the indebtedness thereby created the interest-bearing warrants of the county maturing in after years.

4. **Municipal corporations ⟨⟩897—Cities incorporated under general laws may issue interest-bearing warrants for indebtedness lawfully created.**

Cities incorporated under the general laws have authority to issue interest-bearing warrants in evidence of indebtedness lawfully created.

5. **Municipal corporations ⟨⟩244(1)—City held authorized to make contracts and issue warrants for street improvements payable in future without submission to vote of people.**

A municipal corporation existing under the general laws of the state applicable to cities of more than 1,000 inhabitants and less than 5,000 has power to contract for street improvements, and to pay therefor by warrants to be paid for in future years without submitting the contracts to the vote of the people, under Acts 37th Leg. (1921) c. 9, providing that such cities shall have the power to assess and collect such taxes as the council may determine, and putting into effect Const. art. 11, § 4, authorizing cities of 5,000 population or less to assess taxes not to exceed 1½ per cent. of the taxable property of the city.

Appeal from District Court, Lampasas County; M. B. Blair, Judge.

Action by R. W. Bridgers and others against the City of Lampasas and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

A. L. Curtis, of Belton, for appellants.

John C. Abney, of Lampasas, and Ball, Merrill & Ball, of Houston, for appellees.

KEY, C. J. The nature and result of this suit is stated as follows in appellant's brief:

"This suit, being one for injunction, was instituted by the appellees, R. W. Bridgers and others, as property tax paying citizens of the city of Lampasas, for the purpose of having declared invalid two certain contracts for permanent street improvement, and the warrants issued and to be issued securing the indebtedness attempted to be created thereby.

"It was alleged: That the city of Lampasas is a municipal corporation existing under the general laws of the state of Texas applicable to cities of more than 1,000 inhabitants and less than 5,000 inhabitants. That about May, 1922, the city council of Lampasas passed an ordinance providing for certain street improvements, and undertook to make a contract with Miller Surfacing Company, contractors, for said improvement, to be paid for not out of any revenues of the city, collected or to be collected for the current fiscal year, but to be paid for one, two, and three years hence out of revenues to be collected for future years. That the city of Lampasas undertook in said ordinance to provide for the levy, assessment, and collection of a tax to meet and pay off, interest bearing warrants to be issued by the city to the amount of $9,000. That said contract was entered into and the warrants issued to be paid out of the future revenues of the city without submitting the same to a vote of the people, and without complying with the provisions of chapter 9 of the Acts of the Thirty-Seventh Legislature, Regular Session. It was further alleged: That on October 2, 1922, the city council of Lampasas passed another ordinance, entering into contract with Miller Surfacing Company, as contractors, for additional permanent street improvements in the city of Lampasas to be paid for 4, 5, or 6 years hence, and agreed to issue and deliver interest-bearing warrants of the city for the sum of $9,000, and undertook to levy a tax for future years to pay off said warrants at maturity. That the matter was not submitted to a vote of the qualified taxpaying voters of the city of Lampasas, and that no compliance was made with the provisions of chapter 9 of the Acts of the Thirty-Seventh Legislature, passed at the Regular Session, relating to taxation, improvements, and the issuance of bonds therefor.

"Plaintiffs asked for injunction restraining the city of Lampasas from levying, assessing, or collecting any tax for the purpose of creating a fund to pay said warrants, also restraining it from paying the warrants issued to Miller Surfacing Company on the contract of May, 1922. Plaintiffs also asked for injunction restraining the city of Lampasas from issuing or delivering warrants to Miller Surfacing Company on the contract of October, 1922, and restraining the city of Lampasas from levying,

assessing, or collecting any tax to pay any indebtedness attempted to be created by the contract of October 2, 1922.

"The court granted a preliminary writ of injunction, but, upon motion to dissolve, sustained the general demurrer to plaintiff's petition, upon the ground that the city of Lampasas was empowered to contract for permanent street improvement and issue its interest-bearing warrants payable out of the future revenues of the city, without submitting the matter to a vote of the people, and without complying with the law relating to the issuance of bonds. From this action of the district judge plaintiffs have appealed, and the case is now properly before this court for review."

## Opinion.

Appellants present and rely upon the following proposition of law, which their brief attempts to sustain:

"A municipal corporation, existing under general law, relating to cities of under five thousand inhabitants, cannot incur an indebtedness for improvement, payable out of the future revenues of the city, and issue municipal securities therefor, without complying with the provisions relating to the issuance of bonds contained in chapter 9, Acts of Thirty-Seventh Legislature."

The question for decision is: Has a city or town of less than 5,000 population, incorporated under the general laws of the state, authority to contract and issue nonnegotiable instruments of writing, in payment for permanent street improvements, without submitting the matter to a vote of the people, as prescribed in chapter 9 of the Acts of the Thirty-Seventh Legislature, relating to the issuance of bonds. Counsel for appellants denies the existence of such authority, while appellees' counsel maintain that such authority exists.

[1-4] This court acknowledges that it has been materially aided by the briefs filed in behalf of the parties, and, after careful consideration, we have reached the conclusion that the contention of appellees' counsel is correct, and, in the main, we approve the following propositions and contentions urged by them:

"First. The Legislature has delegated to incorporated cities of less than 5,000 population in this state the exclusive control and power over the streets, alleys and highways of the city, with authority to grade, clean, and otherwise improve said streets. Revised Statutes, art. 854, as amended by the Acts 1913, p. 326, and Act March 30, 1917, p. 144. That this delegation of authority is intended to be exclusive is shown by article 6862 of the Revised Statutes, making provision for the control and improvement of streets in cities and incorporated towns in which from any cause there is not a de facto municipal government in the active discharge of their official duties.

"Second. It is generally conceded and well established that municipal corporations are invested by implication with the power to contract on the general credit of the city with re-

spect to such improvements as they are authorized to make. City of Galveston v. Loonie, 54 Tex. 517; City of Galveston v. Heard, 54 Tex. 420; Graves v. M. Griffin, O'Neil & Sons (Tex. Civ. App.) 189 S. W. 778; Biddle v. City of Terrell, 82 Tex. 335, 18 S. W. 691; City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593; Police Jury v. Britton, 15 Wall. 566, 21 L. Ed. 251; Claiborne County v. Brooks, 111 U. S. 400, 4 Sup. Ct. 489, 28 L. Ed. 470; Allen v. La Fayette, 89 Ala. 641, 8 South. 30, 9 L. R. A. 497; Hoffman v. Pawnee County, 3 Okl. 325, 41 Pac. 566; 19 R. C. L. p. 779, § 84.

"Third. It is well settled in Texas that counties have power to contract for the construction of courthouses, or for the improvement of public roads, on the general credit of the county, and to issue in evidence of the indebtedness thereby created the interest-bearing warrants of the county, maturing in after years. Lasater v. Lopez, 110 Tex. 179, 217 S. W. 373; Stratton v. Kinney County (Tex. Civ. App.) 137 S. W. 1170; Allen v. Abernathy (Tex. Civ. App.) 151 S. W. 349; San Patricio County v. McClane, 58 Tex. 243; Cowan v. Dupree (Tex. Civ. App.) 139 S. W. 887.

"Fourth. Cities incorporated under the general laws have authority to issue interest-bearing warrants in evidence of indebtedness lawfully created. City of Corpus Christi v. Woessner, 58 Tex. 462; City of Tyler v. Jester (Tex. Civ. App.) 74 S. W. 359; Id., 97 Tex. 344, 78 S. W. 1058; Noel v. City of San Antonio, 11 Tex. Civ. App. 580, 33 S. W. 263.

"Fifth. Prior to the recent amendment to section 4 of article 11 of the Constitution, both cities and counties derived their authority to levy and collect taxes from the same article of the Constitution. Const. art. 8, § 9.

"Sixth. By the express terms of article 11, § 4, of the Constitution, cities having a population of 5,000 or less may assess and collect such taxes as may be authorized by law, not to exceed 1½ per cent. of the taxable property of the city.

"Seventh. By the terms of the act of the Legislature putting into effect the recent amendment to section 4 of article 11 of the Constitution, it is expressly provided that cities of less than 5,000 inhabitants shall have the power to assess and collect such taxes as the city council may determine, within the constitutional limits, for the construction and improvement of roads, bridges, and streets of said city or town within its limits. Acts 37th Leg. Reg. Sess. c. 9, p. 12.

"Eighth: The authority granted by the third section of the Acts of the Thirty-Seventh Legislature (chapter 9) to any city providing for improvements to issue coupon bonds therefor in such manner as may be deemed expedient, is a mere expression of the intention of the Legislature that such cities and towns shall have authority, if they elect to do so, to issue bonds under the general law, based upon the increased taxing power provided by this statute, and will not be construed as a limitation on the existing power of such corporations to contract for public improvements on the general credit of the city, and issue in evidence of the indebtedness thus created the interest-bearing nonnegotiable warrants of the city, for the reason that the existence of this power to con-

tract must have been known to the Legislature at the time the act in question was passed; and there is no language contained in the act which in any manner undertakes to limit or restrict the then existing powers of municipal corporations with respect to authorized public improvements."

[5] Appellants' contention to the effect that municipal corporations in this state are without authority to contract on the general credit of the municipality for street improvements, and to issue interest-bearing warrants, payable in future years, is not believed to be sound. In the article on Municipal Corporations contained in 19 Ruling Case Law, p. 708, the rule is correctly stated in the following language:

"* * * A distinction is drawn between borrowing money and obtaining property or labor on credit, it being everywhere held that a municipal corporation has an implied power to use its credit for the accomplishment of any object for which it is authorized by law to expend money. At first blush this might seem a distinction without a difference. A little examination, however, will show that there is a very material difference between the two. If the power of the corporation to use its credit is limited to contracting directly for the accomplishment of the object authorized by law, then the avails or consideration of the debt created cannot be diverted to any illegitimate purpose. The contract not only creates the fund, but secures its just appropriation. On the contrary, if the money may be borrowed the corporation will be liable to repay it, although not a cent may ever be applied to the object for which it was avowedly obtained."

The Supreme Court of the United States, in Police Jury v. Britton, 15 Wall. 566, 21 L. Ed. 251, speaking of the power of political bodies to issue commercial paper, said:

"It seems to us to be a power quite distinct from that of incurring indebtedness for improvements actually authorized and undertaken, the justness and validity of which may always be inquired into. It [the power to issue commercial paper] is a power which ought not to be implied from the mere authority to make such improvements. It is one thing for county or parish trustees to have the power to incur obligations for work actually done in behalf of the county or parish, and to give proper vouchers therefor, and a totally different thing to have the power of issuing unimpeachable paper obligations which may be multiplied to an indefinite extent."

The doctrine there announced was recognized by our Supreme Court in Galveston v. Loonie and Galveston v. Heard, supra.

In Lasater v. Lopez, 110 Tex. 179, 217 S. W. 376, in an able opinion by Chief Justice Phillips, our Supreme Court held that, notwithstanding the fact that counties cannot issue negotiable bonds without the sanction of the people by a vote, such corporations can enter into contracts for public improvements

and issue nonnegotiable interest-bearing warrants in payment thereof. In other words, it was there held that the fact that the statute authorizing the issuance of bonds which constitute negotiable instruments was not in conflict with and did not modify pre-existing statutes which authorizes counties to issue nonnegotiable written obligations, in payment for public improvements, and we quote as follows from the opinion in that case:

"There is no absolute antagonism between the power resting in 1903 under then existing laws in the commissioners' courts to issue, within lawful limits, county warrants for the building of county roads, and the grant of the power to issue county bonds for that purpose made by the Act of April 28, 1903. This is manifest. The power originally possessed was that of issuing for the purpose of nonnegotiable instruments. The power conferred by the later act was that of issuing for the purpose negotiable securities, and contemplating, necessarily, road improvements upon a larger scale than had been or would be possible through the issuance of warrants. The two powers relate to making use of a county's credit in distinctly different ways and evidencing its debt by instruments of clearly different nature, different in their legal import and different in their legal effect upon the rights of the county under them. There could be no positive opposition in the lawful exercise of both powers."

All the reasons given in that case for sustaining the power of counties to pursue the course referred to apply with equal force to cities and towns incorporated under the statute; and therefore we agree with the Fifth Court of Civil Appeals, which held, in Graves v. M. Griffin, O'Neil & Sons, 189 S. W. 778, that such municipalities possess such power.

No error has been shown, and the judgment is affirmed.

Affirmed.

BLAIR, J., having tried this case in the court below, did not participate in its decision in this court.