## PANHANDLE CONST. CO. v. CITY OF SPEARMAN.

No. 4300.

Court of Civil Appeals of Texas. Amarillo.

May 13, 1935.

Rehearing Denied June 10, 1935.

Robt. A. Sowder, of Lubbock, for plaintiff in error.

Sanders & Scott, of Amarillo, for defendant in error.

MARTIN, Justice.

The parties here will be designated as in the trial court.

Plaintiff sued defendant upon three separate and distinct causes of action. Of these, it recovered upon one and was denied a judgment upon the other two. Defendant cross-assigns error upon the first and urges here the correctness of the trial court's judgment as to the others.

Plaintiff entered into a written contract with defendant, a municipal corporation, on April 7, 1931, to grade, drain, and pave certain of its streets and parts of streets in accordance with adopted plans and specifications and at unit prices. This contract contains the following stipulations:

"The cost of the improvements in each Unit or District shall be paid as follows, to-wit:

"(a) The abutting property and the owners thereof shall be assessed and pay for not exceeding all the cost of constructing curb and gutter, plus nine-tenths of the remaining cost.

"(b) After deducting the amounts to be paid by and assessed against the abutting property and the owners thereof, the remaining cost of said improvements shall be paid by the City of Spearman, and the amounts to be paid by the City shall be payable on estimates as the work progresses, as is provided in said contract and specifications. * * *

"When the improvements are completed and accepted by the City on a particular unit or district, the sums assessed against the property abutting upon such completed and accepted unit or district shall be and become payable in five equal installments, due respectively on or before One (1), Two (2), Three (3), Four (4), and Five (5) years from the date of such completion and acceptance. * * *"

Included within this paving program were lots 2 to 6, inclusive, in block B, belonging to and the homestead of one A. F. Hardin. Plaintiff alleges that said property was apparently the homestead of Hardin, and the latter refused to execute a contract lien with plaintiff, and no lien could be legally fixed on same. Plaintiff's petition, after alleging the substance of the above, then proceeds: "* * * The said City of Spearman by minutes duly passed on the 13th day of May, 1931, shown in Volume 2, page 91, of the City Minutes, agreed to pay one-half of the said apportionable costs provided the said Hardin did not pay the same, and if the plaintiff would at its own cost and expense file a suit and pursue the same in a diligent manner in the District Court of Hansford County, Texas, for the collection of said certificate, and communicate to plaintiff said agreement, and based upon the agreement of the City of Spearman to pay such portion of said costs thereafter, this plaintiff did so improve the street abutting the said lots according to the plans and specifications at and for the actual cost of $1,242.45. * * *"

Its petition continues with an allegation that certificates were duly issued Hardin; that he refused to pay same; that suit was filed by plaintiff against Hardin for personal judgment and foreclosure of the alleged paving lien; that judgment of foreclosure was denied but personal judgment recovered; that Hardin was insolvent and said judgment was final and uncollectible; and prayed for judgment

against defendant upon its aforesaid agreement for $626, with interest.

The trial court entered the judgment prayed for.

■ There was neither allegation nor proof that provision for the payment of this debt of $626 had been made as commanded by article 11, § 5, of the State Constitution. Nor is there anything in the record to show that it was within the reasonable contemplation of the parties at the time such contract was made that such sum was to be paid out of the current revenues for the year or out of some fund then within the immediate control of the defendant. A general demurrer to plaintiff's petition was overruled, and cross-errors are assigned that both the pleading and proof failed to meet the constitutional requirement above referred to. We sustain these. It was plainly the intent of the above constitutional demand to protect municipalities from bankruptcy, brought on by the acts of improvident and overoptimistic governing boards. The credit of these with the commercial world and their ability to market their securities depend in a very large degree upon the protection afforded them by a strict construction of the constitutional limitation placed around their right to pledge future revenues for current obligations. We have no doubt either of its wisdom or meaning, but, if we had, there is left, under the authorities presently cited, but one course for us to follow. We quote:

"We conclude that the word 'debt,' as used in the constitutional provisions above quoted, means any pecuniary obligation imposed by contract, except such as were, at the date of the contract, within the lawful and reasonable contemplation of the parties, to be satisfied out of the current revenues for the year, or out of some fund then within the immediate control of the corporation. City of Corpus Christi v. Woessner, 58 Tex. [462] 465; City of Terrell v. Dessaint, 71 Tex. 770, 9 S. W. 593; Appeal of City of Erie, 91 Pa. 398; Prince v. City of Quincy, 105 Ill. 138 [44 Am. Rep. 785]. Prima facie, every pecuniary obligation attempted to be created by contract is a debt, within the meaning of the constitutional provisions above, and a party attempting to recover against the city thereon must allege the facts showing a compliance with the constitution and statutes necessary to bind the city, or must allege such facts as bring the particular claim within the exception above stated in the definition of the word 'debt.' If it should appear from the pleadings or the face of the obligation that the subject of the contract was clearly a matter of ordinary expenditure, such as repairing streets or salary of an officer, this would be sufficient to bring it within the exception, for the prima facie presumption would be that such claim was intended to be paid out of the current revenues annually collected for payment of such claims, and it would not be presumed the city had attempted to make contracts in excess of its revenues for the year; but where, as in the case at bar, the subject of the contract is not one which the court can say, as a matter of law, is an item of ordinary expenditure, the petition, in order to bring it within the exception, must allege some additional fact, such as that there was, at the date of the contract, a fund in the treasury, legally applicable thereto, out of which the parties contemplated that such claim should be paid." McNeal v. City of Waco, 89 Tex. 83, 33 S. W. 322, page 324.

See, also, Rogers Nat. Bank v. Marion County (Tex. Civ. App.) 181 S. W. 884; Biddle v. City of Terrell, 82 Tex. 335, 18 S. W. 691; City of Ft. Worth v. Bobbitt, 121 Tex. 14, 36 S.W.(2d) 470, 41 S.W.(2d) 228; McQuillin on Municipal Corporations (2d Ed.) vol. 6, §§ 2364, 2365; Howard v. Smith, 91 Tex. 8, 38 S. W. 15; Ault v. Hill County, 102 Tex. 335, 116 S. W. 359.

For collation of a host of authorities, see notes, 90 A. L. R. page 1242 et seq.

The plaintiff's petition shows upon its face that its cause of action was for a "debt," as that term is used in article 11, § 5, of the State Constitution, and, under the Supreme Court authority quoted above, the court erred both in overruling defendant's general demurrer and in entering judgment for plaintiff.

Accordingly, the trial court's judgment upon this phase of plaintiff's case is reversed and remanded.

■ Included within said paving program was block 17, designated on the recorded plat of the city of Spearman as a "public square." The street abutting this was paved by plaintiff at a cost of $695.-81. Plaintiff sued defendant for this sum, and was denied any recovery by the trial court. It was alleged that the city was the owner of said block, and the claim

is made here that such ownership at the time the contract was let renders the city liable.

The entire record sufficiently evidences the fact that such claim was a "debt," and that the constitutional question, discussed above, applies also to this portion of plaintiff's case. There was neither pleading nor proof that entitled plaintiff to a recovery, if his claim for said sum was a "debt," as that term is used in article 11, § 5, of the State Constitution. This justified the trial court's action.

We are further of the opinion that the evidence was sufficient to justify the implied finding by the trial court that Hansford county, and not defendant, owned the property. Some of this evidence is: That Thos. Spearman, then owner of the land upon which the city of Spearman is located, filed for record on May 17, 1917, a plat and dedication deed. On this appears block 17, dedicated to the public, and designated as a public square. Later, Spearman became the county seat. On February 16, 1931, Thos. Spearman conveyed said block to Hansford county. On February 23, 1931, Hansford county made an executory contract with the city of Spearman for the purchase of said block, subject to the approval of the voters at an election to be thereafter held. On April 13, 1931, the said city deeded said block to Hansford county. On April 25, 1931, the paving assessment in question was made by the city against block 17, describing Hansford county as owner. If the county in fact owned said block, we are of the opinion that the city is not liable, even though the constitutional question above mentioned were not present; there being nothing in the city's contract or the conduct of its officers upon which any such liability could be based.

Being of the opinion that the trial court correctly refused to enter judgment for the item discussed, this phase of the judgment is affirmed.

Plaintiff sued also for 6 per cent. interest on $16,441.46 from July 21, 1931, to December 26, 1931, alleging the city owed it this amount upon the completion and acceptance of certain units of work; that such work was completed and thereafter accepted by the city on July 21, 1931, and payment, though demanded, was not made until December 26, 1931. Judgment for this amount was denied by the trial court. The record is in some confusion on this matter. The only excuse for nonpayment of said amount on its due date, offered in the brief for the city, is that the state had agreed with the city to pay this amount, and failed to do so until a short time prior to said last-mentioned date. Plaintiff's contract was with the city alone. There is nothing to justify any conclusion that plaintiff agreed to take the state's promise for this amount. The appellant's assignment raising this question is sustained and judgment here rendered that plaintiff have and recover of and from defendant the sum of $424, with 6 per cent. interest thereon from December 26, 1931.

Judgment appealed from is reversed and remanded in part, reversed and rendered in part, and in part affirmed; costs adjudged against plaintiff and defendant equally, one-half to each.