A. P. LUFKIN v. CITY OF GALVESTON ET AL.

(Case No. 2031.)

1. CONSTRUCTION OF LAWS.—In the construction of a law the whole law must be considered together, in order that from it as a whole the legislative intent may be arrived at; and that construction must be adopted which will, if possible, give effect to every provision.

2. SAME.—Thus, if in one section of a law a general rule is prescribed, which without qualification would embrace an entire class of subjects, and in another section a different rule is prescribed for particular subjects of the same class, the latter must be construed as excepted out of the operation of the general rule. (Following Warren v. Shuman, 5 Tex., 441.)

3. SAME — TAXATION.— Construing the amended section 9 of art. 8 of the state constitution, and section 5 of art. 11, the conclusion is announced that cities of ten thousand inhabitants are to be exempted from the maximum limit prescribed for municipal governments as a class, and may levy *ad valorem* taxes to the extent of two and one-half per cent. on the hundred dollars' valuation, when so authorized by the legislature.

4. TAXATION IN CITIES.— The city of Galveston has authority to levy an annual tax of seven cents on the one hundred dollars' valuation, to provide an emergency fund.

APPEAL from Galveston. Tried below before the Hon. Wm. H. Stewart.

L. E. Trezevant, for appellant, cited: Burroughs on Taxation, 370, 373, 375; Cooley's Const. Lim., 231, 644 (4th ed.); 1 Desty on Taxation, 477–479; 2 id., 1064–1091; Cooley on Taxation, 72, 210, 211, 257; Clark v. Davenport, 14 Iowa, 494.

*James B. Stubbs*, for appellee, cited: Const., art. 11, Mun. Corp., sec. 5; Charter of Galveston, sec. 79, approved August 2, 1876; Const., art. 8, Tax. and Rev., sec. 9; Dean *v.* Lufkin, 54 Tex., 265; Galveston Gas Co. *v.* County of Galveston, 54 Tex., 287; Red *v.* Johnson, 53 Tex., 284.

WILLIE, CHIEF JUSTICE.— This suit questions the right of the city council of the city of Galveston to levy for the municipal year beginning March 1, 1884, a tax of ninety-nine cents on the one hundred dollars of property within the city for general purposes, and seven cents on the one hundred dollars as an emergency fund.

The city claims the right to levy both of these taxes under her charter of 1876, and the appellant contends that the grant of power under which the first tax is laid is unconstitutional, and that in levying the second the city has exceeded her chartered authority.

The city's charter permits a levy of one dollar and fifty cents on the one hundred dollars of the assessed value of all real and personal property not exempt from taxation, and the right to do so is claimed under article 11, section 5, of our state constitution, which, so far as it bears upon the present question, reads as follows:

" Cities having more than ten thousand inhabitants may have their charters granted or amended by special act of the legislature, and may levy, assess and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be lawful for any one year which shall exceed two and one-half per cent. of the taxable property of such city."

It cannot be questioned but that this section, standing alone, authorizes the legislature to empower the council to make the levy and the tax complained of in the petition.

But it is urged that this section is modified and controlled by section 9 of article 8 as amended in 1883, which reads as follows:

" The state tax on property, exclusive of the tax necessary to pay the public debt and of the taxes provided for public schools, shall never exceed thirty-five cents on the one hundred dollars' valuation; and no county, city or town shall levy more than twenty-five cents for city or county purposes, and not to exceed fifteen cents for roads and bridges, on the one hundred dollars' valuation, except for the payment of debts incurred prior to the adoption of this amendment, and for the erection of public buildings, street, sewer and other permanent improvements not to exceed twenty-five cents on the hundred dollars' valuation in any one year and except as is in this constitution otherwise provided."

It is a cardinal rule in the construction of constitutions and statutes that the whole instrument must be taken together — the whole scheme had in view by the law-making power must be understood and carried out; and where there are apparent conflicts or inconsistencies between different parts of the instrument, that construction must be adopted which will give effect to every part, rather than that which will render any portion nugatory and of no avail.

As a natural result of this principle, it follows that where in one section a general rule is prescribed, which without qualification would embrace an entire class of subjects, and in another section a different rule is prescribed for individual subjects of the same class, the latter must be construed as exceptions to the general rule, and be governed by the section which is applicable to them alone.

This gives effect to both sections, and prevents the otherwise necessary result that the special section would entirely fail to have any force whatever. Erwin v. Blanks, 60 Tex., 583; Warren v. Shuman, 5 Tex., 442; Sedgw. on Con. & Stat. Law, 242; Vattel's Rules of Construction, No. 8.

This rule of interpretation should certainly be adopted when the constitution or statute under construction contains language which shows that the general section must yield to the other as to the special subjects provided for in the latter.

When the instrument itself contains a rule for its own interpretation, that rule must be adopted; and when this rule accords with a general principle of construction, there can be no doubt but that this general principle was in view and intended as a guide to the construction of the instrument when it was adopted.

The general section in this case is the amended section 9 of article 8, and the special section is section 5 of article 11.

The former provides for the rate of *ad valorem* taxation, both state and municipal; the latter provides for city taxes alone. The former includes counties, cities and towns of all classes and sizes; the latter only cities of more than ten thousand inhabitants.

After prescribing the amount of *ad valorem* tax which might be levied by all classes of municipal government, and the different purposes for which they might be levied, the section concludes with these words: "except as in this constitution is otherwise provided." This is as much as to say, that if it is provided in any other portion of this constitution that a different rate of taxation may be levied by counties, cities or towns for the same or other purposes, that provision shall have force and be treated as an exception to the general rule herein prescribed.

It was provided, as we have seen, by the fifth section of the eleventh article that cities of over ten thousand inhabitants might be authorized to levy as high as two and one-half per cent. *ad valorem* tax on the one hundred dollars' worth of valuation.

Construing these two sections together in view of the exception provided for in the former, the conclusion is irresistible that cities of ten thousand inhabitants are to be excepted from the maximum limit prescribed for municipal governments as a class, and may levy *ad valorem* taxes to the extent of two and one-half per cent., if so authorized by the legislature.

This, too, is in accordance with the general scheme of the constitution in reference to municipal taxation. It is apparent from an examination of the various portions of that instrument bearing upon the subject, that it intended to distinguish between the limit of taxation to be allowed larger cities and that to be allowed counties and towns, and cities of smaller size. By section 4 of article 11, cities and towns of ten thousand inhabitants and less were limited to one-fourth of one per cent. to defray current expenses, whilst the next section allows larger cities to tax to the amount of two and one-half per cent., without limiting the amount to be assessed for current expenses.

This difference doubtless sprung from the fact that it would be incumbent upon larger cities to make improvements on an extensive scale, and to expend moneys for a great many public purposes unknown to the wants of towns or cities of smaller size.

If the fifth section of the eleventh article is to be superseded by the amendment of 1883 which we have cited — and this is the effect of the appellant's argument — then the sixth section of the eleventh article must fall with it. The amendment is to form the entire scheme of municipal taxation, and there is no authority contained in it for counties, cities and towns to tax without limit for the payment of debts accruing before the adoption of the constitution of 1876. This, however, is the effect of the sixth section to which we have above alluded.

But it is urged that by the terms "county or city purposes," as used in the amendment to art. 8, sec. 9, is meant only the current expenses of a city or county. Be it so; and yet, if cities of more than ten thousand inhabitants are excepted from the operation of that section by reason of special provision having been made for the taxes to be levied by them, they are not confined to twenty-five cents on the one hundred dollars even for current expenses.

It is unnecessary for us to inquire as to whether or not the expression "county or city purposes" ordinarily applies to all such public

purposes as may form the object of *ad valorem* municipal taxation.

That it is used in this sense in the ninth section of the eighth article of our constitution is clear from a reading of the section as amended, and it is its best interpreter in this respect. No county, city or town is to levy more than twenty-five cents on the one hundred dollars *for city or county purposes, except* for the payment of debts, etc., and except for the erection of public buildings, street, sewer and other permanent improvements, etc., etc. If these were not county or city purposes, why except them from the general rule as to taxation for such purposes?

It has been held in some states that a similar expression in a statute means current expenses, or expenses which exclude the idea of a particular subject of taxation; but this construction has been derived from the particular phraseology of the statute, or other circumstances surrounding the particular case, showing that any other construction would violate the spirit and intention of the law. McCormick *v.* Fitch, 14 Minn., 252; Vanover *v.* The Justices, 27 Ga., 354.

The intention here, as derived from the language itself, as we have seen, is to include everything under the term tax for county or city purposes except such things as are in terms excepted by the amended section of the constitution.

We are therefore of opinion that the legislature was authorized to grant the city council of Galveston power to levy ninety-nine cents on the one hundred dollars for general municipal purposes, and the levy and collection of that tax was legal and proper.

The charter of the city of Galveston requires the council to reserve a fund of $25,000 to be used only in cases of extraordinary emergencies, which could not have been seen before their occurrence; but in no event to be used for the ordinary expenses of the city. For this purpose the council levied seven cents on the one hundred dollars for the municipal year commencing March 1, 1884. This tax is alleged to be illegal by the appellant, but neither in his petition nor in the brief or argument of counsel are any reasons assigned for its illegality. It is not claimed that the legislature could not authorize the tax, but that it had not done so in the section of the charter under which the assessment had been made. The ordinance making the levy seems to pursue the language of the statute in regard to the fund to which the tax is to be applied. It is not excessive, for the seven cents levy to the one hundred dollars would, as appears from the petition, have produced only about one-

half the required amount of fund.    If the city had authority to raise the fund, it could make no difference whether the levy was made for that special purpose, or a levy was made for general purposes, and out of the amount thus raised sufficient was set apart for an emergency fund.    We see no objection to the tax, and as none has been pointed out, we feel constrained to hold it valid and legal.    As the taxes complained of were legal, their collection from the appellant was authorized by law, and hence it is unnecessary for us to inquire as to whether their payment by him was voluntary or under compulsion.    There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered March 3, 1885.]