CITY OF PALESTINE ET AL. V. N. R. ROYALL ET AL.

Delivered April 8, 1897.

Municipal Corporations—Population of Over 10,000—Power to Issue Bonds.

     The limitation upon the issuance of municipal bonds to such an amount as may be paid, including the annual interest, at the maturity of the bonds, by an annual ad valorem tax of one-fourth of 1 per cent on all the property within the city, applies to cities of more than 10,000 inhabitants; and as so applied is a qualification of the power conferred upon cities of over 10,000 inhabitants to issue bonds to any amount not exceeding 6 per cent of the value of all property subject to tax within the limits of the city.

APPEAL from Anderson. Tried below before A. A. ALDRICH, Esq., Special Judge.

*P. W. Brown, G. H. Gould,* and *S. A. McMeans,* for appellants.—A city incorporated under the general laws, but having more than 10,000 inhabitants, is not limited in the amount of bonds it may issue for the purpose of purchasing or constructing public buildings, water-works, sewers, etc., to an amount where a tax of one-fourth of one per cent will pay the current interest and provide a sinking fund sufficient to pay the principal at maturity. Const. 1876, art. 8, sec. 9; art. 11, secs. 4, 5, 6; Rev. Stats. 1895, arts. 466, 484, 485, 486, 487; Mueller v. City of Denison, 21 S. W. Rep., 391; Lufkin v. Galveston, 63 Texas, 438; Gould v. City of Paris, 4 S. W. Rep., 650.

*A. W. Gregg* and *B. H. Gardner,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This appeal is from a judgment of the District Court of Anderson County perpetuating an injunction previously granted at the suit of appellees, enjoining the appellant from issuing its bonds to the amount of $100,000, and enjoining the appellants from collecting an ad valorem tax of 35 cents on the $100 valuation of all property within the city of Palestine, and annulling and declaring void a contract made by said city with certain of the defendants for the construction of a plant and system of water-works.

     The material facts are: That the city of Palestine is a city incorporated under the general laws of the State, and the total assessed value of property within the corporate limits of the city is $2,206,775; and that the council of the city, on the 15th of August, 1896, adopted an ordinance providing for the issuance of negotiable bonds in the sum of $100,000 for the purpose of providing the city with a system of water-works; and, on the same day, the council levied and assessed an ad valorem tax on all property subject to taxation within the city of 35 cents on every $100 of valuation, and directed the same to be collected for 40 years, to provide for the payment of the annual interest on the bonds, and to create a sinking fund of 2 per cent for their redemption;

and that the bonds in question were by said council prepared in obedience to said ordinance, and that they would have been presented to the Attorney-General for his approval but for the injunction issued in this suit; that, on the 25th of September, 1896, the said city contracted with the firm of J. W. Byrnes & Co., who were made parties defendant to this suit, for the construction of a water-works plant and system, and for which the city agreed to pay to said Byrnes & Co. $90,000 in cash, out of the proceeds of said bonds, or in said bonds, at the option of the city; and an ad valorem tax of 25 per cent on the taxable values within the city would be insufficient to meet the payments of the annual interest on the bonds and provide a sinking fund of 2 per cent for their redemption upon their maturity.

The appellees, in their petition, averred that even if the city of Palestine did contain a population exceeding 10,000, it could not lawfully issue bonds in excess of a sum which could be paid within 40 years, including interest payable annually, by an annual tax of one-fourth of 1 per cent upon all property in the city subject to taxation; and the appellants, in their answer, averred that the city contained more than 10,000 inhabitants, and that, by reason thereof, it was authorized to issue bonds to any amount which did not exceed 6 per cent of the taxable values situated within the city.

The appellants' exceptions to that portion of the petition which denied the right of the city to issue bonds in a sum which could not be paid, principal and interest, within 40 years, by a tax of one-fourth of 1 per cent, collected annually for said period, were overruled by the court; and appellee's exception to the averment in the answer of appellants, that the only limitation on the amount of the bonds which the city might issue was that the amount should not exceed 6 per cent of the value of all property subject to taxation within the corporate limits of the city, was sustained; and the appellants, upon the trial of the cause, were not allowed to introduce evidence in support of their contention that the population of the city then, and at the time of the ordinance providing for the issuance of the bonds, exceeded 10,000; and to these several rulings of the court upon the exceptions to the pleadings and in the exclusion of evidence the defendants excepted, and they are here assigned as errors.

Upon this statement of the pleadings and of the facts, it is evident that, if the contention of the appellees be correct, the judgment should be affirmed. It is insisted by appellants that a proper construction of article 466 of chapter 4, and articles 484-487 of chapter 5, of the Revised Statutes of 1895, must restrict and limit the provision in article 486 which restricts the issuance of bonds to such an amount as may be paid, including the annual interest on the bonds, by an annual ad valorem tax of one-fourth of 1 per cent upon all property within the city, to such cities as have a population of 10,000, and those with less than that number of inhabitants.

In support of their contention, counsel for appellants cite the case of Lufkin v. Galveston, 63 Texas, 437. In that case the question involved

was, whether section 9 of article 8 of the Constitution prohibited cities of over 10,000 inhabitants from levying and collecting an ad valorem tax of 99 cents on the $100 of property within the city for general purposes, and 7 cents on the $100 as an emergency fund; and the court held that said section did not prohibit the levying and collecting of such taxes, and that the charter of the City of Galveston, which allowed the city to levy and collect a tax of $1.50 on each $100 of property within its corporate limits was authorized by section 5 of article 11 of the Constitution; and as the taxes complained of did not exceed the maximum limit they were held to be legal; and not in conflict with section 9 of article 8.

While we think this decision is a correct interpretation of the two sections, we can not admit it is conclusive of the question we are now considering. Observing the canon for construing a law which requires the legislative intent to be ascertained by considering together all acts pari materia, we are of the opinion that article 486, so far as it restricts the issuance of municipal bonds to such an amount, including annual installments of interest, by annual tax of 25 per cent upon each $100 of property subject to taxation within their corporate limits, applies alike to cities of 10,000, cities of less than 10,000, and to cities of more than 10,000 inhabitants; and that article 466, which authorizes the issuance of bonds to any amount which does not exceed 6 per cent of the value of all property subject to taxation within the limits of the city, must be understood as giving such authority only when a tax of one-fourth of 1 per cent upon the value of all property subject to taxation annually collected will pay the interest on the bonds as the same becomes due, and will create a sinking fund sufficient to pay the bonds at the date of their maturity.

This article by its terms applies to each class of cities specified in the statute. So, there is nothing in the language of the article restrictive of the issuance of bonds which makes it applicable to one class of cities more than another. The Constitution is imperative that whenever a municipal debt is incurred, provision shall, at the inception of the debt, be made for its payment by the levy and annual collection of a tax sufficient for the purpose; and it seems to us more consistent with reason and with public policy that article 486 was adopted for the purpose of enforcing this wise provision of the Constitution than that the intention of the Legislature was to give greater license to the larger and more wealthy municipal corporations in the contraction of debts than to the smaller and less wealthy, as would be the case if article 466 is restricted in its application to cities of the former class, and article 486 to the latter class; while, if we make each of these articles apply to both classes of cities, every city is at liberty to contract debts in proportion to its ability to secure their payment in accordance with the requirements of the Constitution.

The Constitution allows the larger class of cities to collect a greater ad valorem tax than is allowed to the other class of cities, but this is for the obvious reason that a muicipal corporation with a large and wealthy

population is necessarily compelled to expend money in the administration of its government for purposes which a city with less population and less wealth is under no necessity to do. But in the matter of incurring debts, the law, for the credit of the State, and to guard against extravagance in the expenditure of public moneys, places both classes of cities under the same restraint.

We are therefore of the opinion that it was not error to render judgment for the appellees, and the judgment is affirmed.

*Affirmed.*

Writ of error granted.