## BASS v. CITY OF CLIFTON.  (No. 76.)

(Court of Civil Appeals of Texas. Waco. April 10, 1924. Rehearing Denied May 8, 1924.)

**1. Municipal corporations** ⊙—957(3)—**Tax of 30 cents on $100 valuation for electric light plant constitutional.**

Const. art. 11, § 4, as amended in 1920 (see Acts 1919, p. 346), empowering cities of 5,000 population or less to levy taxes authorized by law, but no tax for any purpose shall be lawful for any one year which exceeds 1½ per cent. of taxable property, does not conflict with Const. art. 8, § 9, limiting levy for public improvements to 25 cents on $100 valuation, except as otherwise provided, as interpreted by Acts 37th Leg. (1921) c. 9, § 1 (Vernon's Ann. Civ. St. Supp. 1922, art. 925), which authorizes such cities to levy and collect taxes to be used for any one or all purposes, provided total tax does not exceed 1½ per cent., and hence tax levy by city of 30 cents on $100 valuation to erect electric light plant, where total tax levy was only 90 cents, was not invalid.

**2. Municipal corporations** ⊙—272—**City may construct electric light plant.**

In view of Rev. St. arts. 770, 771, cities may construct, operate, and own electric light plants.

**3. Constitutional law** ⊙—18—**Construction placed on Constitution before amendment presumed to have been intended to be applied in future.**

Where construction had been placed on Const. art. 11, § 4, before amendment of 1920, that city, county, or town may erect, construct, and own light plants, it must be presumed that Legislature intended such construction to be applied in the future.

Appeal from District Court, Bosque County; Irwin T. Ward, Judge.

Action by R. O. Bass against the City of Clifton. Judgment for defendant, and plaintiff appeals. Affirmed.

Nat Harris, of Waco, for appellant.

Geo. W. Anderson and H. J. Cureton, both of Meridian, for appellee.

BARCUS, J. Appellant is a taxpaying citizen of appellee, the city of Clifton, a municipal corporation organized in 1901 under the general laws of the state of Texas authorizing the incorporation of cities of over 1,000 and under 5,000 in population, and which has more than 1,000 and less than 5,000 inhabitants at this time. On May 2, 1922, an election was held in Clifton, and municipal bonds for the purpose of erecting a municipal light plant to the amount of $35,000, bearing interest, payable in 40 years, were voted. Appellee levied a tax of 30 cents on the $100 for 1923, sufficient to pay interest and create a sinking fund to pay said bonds. The bonds had been issued and

approved by the Attorney General of Texas, and had been sold, and the proceeds thereof, $35,000, were in the bank, and appellee was preparing to let a contract for the erection of said municipal light plant. Appellant brought this suit to restrain appellee from erecting the light plant and to restrain it from collecting taxes assessed to provide for payment of the bonds, claiming the tax levy was void, because in violation of section 9 of article 8 of the Constitution of Texas, which prohibits the assessment of more than 25 cents on the $100 valuation in any one year for erection of public improvements, and that said bond issue was illegal and void, because appellee did not have the power under the laws of Texas to construct and operate a municipal light plant. Appellant prayed for and was granted a temporary injunction, restraining appellee from collecting the tax and building the proposed municipal light plant.

Appellee's motion to dissolve the temporary injunction and the case on its merits were tried at the same time. The trial court dissolved the temporary writ of injunction and refused to grant the appellant any relief, except the temporary injunction, in so far as it restrained the building of the municipal light plant, was continued in operation pending the determination of the appeal. The city council of Clifton had levied a tax for the year 1923 for all purposes as follows: General revenue, 24 cents; waterworks bonds, 16 cents; city hall and auditorium bonds, 20 cents; electric light plant bonds, 30 cents —a total tax rate of 90 cents on the $100; the 30-cent tax being to provide interest and sinking fund to pay the bond issue involved in this litigation.

[1] Appellant presents only two questions: (1) Is a tax of 30 cents on the $100 valuation for any one year for the purpose of erecting a light plant constitutional? (2) If the tax is valid, has the city of Clifton the power under the laws of this state to construct and operate a municipal light plant? —and states in his brief that, if both are answered in the affirmative, the judgment of the trial court should be affirmed. We will therefore confine our opinion to the two questions presented.

Section 9, article 8, of the Constitution provides, in substance that no county, city, or town shall levy more than 25 cents on the $100 valuation for the erection of public buildings, streets, sewers, waterworks, and other permanent improvements in any one year, "except as in this Constitution otherwise provided." Section 4, article 11, of the Constitution, as amended in 1920 (see Acts 1919, p. 346), provides in substance that cities and towns having a population of 5,000 or less may levy, assess, and collect such taxes as may be authorized by law, but no tax for any purpose shall ever be lawful for any one year which shall exceed 1½ per cent.

of the taxable value of the property of said city.

The Thirty-Seventh Legislature, by chapter 9, p. 12 (Vernon's Ann. Civ. St. Supp. 1922, arts. 925, 925a, 881, 882, 882a), provided that the city council or governing body of any city having a population of 5,000 or less shall have power by ordinance to levy, assess, and collect an annual ad valorem tax, not to exceed for any one year 1½ per cent. of the taxable value of the property of such city or town, for current expenses and for the purpose of constructing or the purchase of public buildings, waterworks, sewers, and other permanent improvements. We must first determine whether section 4 of article 11 of the Constitution, as amended in 1920, is in conflict with section 9 of article 8 of the Constitution, and what interpretation should be placed on said two provisions.

In Lufkin v. City of Galveston, 63 Tex. 437, the constitutionality of the act of the Legislature authorizing Galveston to levy a tax of $1.50 on the $100 valuation was involved. The Supreme Court construed these two provisions of our Constitution, and it was then held that section 9 of article 8 was a general statute, and section 4 of article 11 a special provision with reference to cities and towns, and that the special provision, as provided in section 4, article 11, would control, especially since section 9 of article 8 states that no other tax could be levied, "except as in this Constitution otherwise provided." In City of Henderson v. Fields (Tex. Civ. App.) 258 S. W. 523, the constitutionality of the act of the Thirty-Seventh Legislature in passing the law authorizing cities of 5,000 and less population to levy a total tax of 1½ per cent. on the $100 was involved, and Mr. Justice Levy, in a well-written opinion, upheld the constitutionality of said act, and held that the city council has a right to levy a tax rate for the full amount of 1½ per cent. on the $100.

Appellant's contention is that section 4, article 11, as amended, limits the power of a city council to levy a tax not to exceed 25 cents on the $100 for each separate purpose, namely, 25 cents for general purposes, 25 cents for sewers, 25 cents for light plant, etc. We think clearly under the language used in the Constitution that was not the intention of the Legislature. When the Constitution was amended in 1920 the Supreme Court in the case of Lufkin v. City of Galveston, supra, had construed the two sections of the Constitution, and evidently the Legislature had that decision in mind when the proposed amendment was submitted and the act of the Legislature was passed putting same into effect. We think the clear intendment of section 4 of article 11 of the Constitution as amended in 1920, and as interpreted by the Legislature in enacting the law putting same into effect, is to authorize the governing body of a city under 5,000 inhabitants to levy and

collect taxes to be used for any one or all the purposes named in the Constitution, provided the total tax for said purposes does not in any one year exceed 1½ per cent., and therefore the total tax levy of appellee for 1923, being only 90 cents on the $100, is not unconstitutional.

[2, 3] As to the right of appellee to erect, construct, and own an electric light plant there can hardly be any controversy. It is provided by articles 770 and 771 of the Revised Statutes that cities and towns may purchase, construct, and operate water, sewer, and gas and electric light systems, and shall have the power and right to sell water, gas, electric light or power, and sewer privilege to any person or corporation, under such terms and conditions as may appear to be for the best interest of the town or city. This direct question was involved in Simpson v. City of Nacogdoches (Tex. Civ. App.) 152 S. W. 858, and it was there held that under our present Constitution, which provides that a city can construct or purchase public buildings, waterworks, sewers, and other improvements, a city has a right to erect and construct and own light plants. This construction had been so placed on section 4, article 11, of the Constitution before it was amended in 1920, and the Legislature is presumed to have intended said construction to be applied to same in the future.

It has been the uniform holding of our courts that the city has a right to erect, construct, and operate a light plant and to sell its surplus light and power to manufacturing concerns for individual use. Crouch v. City of McKinney, 47 Tex. Civ App. 54, 104 S. W. 518; Joy v. City of Terrell (Tex. Civ. App.) 138 S. W. 213; Bridgers v. City of Lampasas (Tex. Civ. App.) 249 S. W. 1083.

Under our view of the law as applicable in this case, the judgment of the trial court should be, and is, affirmed.