

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 25, 1962.

Honorable Wm. A. Nobles
County Attorney
Wise County
Decatur, Texas

Opinion No. WW-1398

Re: Whether a City Council-
man is disqualified from
holding such office by
virtue of being an offi-
cer of the depository
bank where the city funds
are deposited, and, if so,
whether the County Attor-
ney has a duty to insti-

Dear Mr. Nobles:                    tute removal proceedings.

You have requested an opinion of this office on the two
following questions:

1. "Is a person holding the office of City
Councilman in a city incorporated under the general
laws of The State of Texas, disqualified from
holding such office by virtue of being an offi-
cer and director of the bank in which the funds
of such city are deposited?"

2. "Is it the duty of an elected County
Attorney or District Attorney to institute a
suit for removal of an official of the governing
body of a city incorporated under the general
laws of The State of Texas?"

We think your second question is answered by Articles
5992 and 5994, V.C.S. Article 5992 provides as follows:

"When written sworn complaint charging any
alderman with any act or omission which may be
cause for his removal shall be presented to the
mayor, he shall file the same and cause the alder-
man so charged to be served with a copy of such
complaint, and shall set a day for trial of the
case, and notify the alderman so charged and the
other aldermen of such town or city to appear on
such day. The mayor and aldermen of such town
or city, except the alderman against whom com-
plaint is made, shall constitute a court to
try and determine the case."

Article 5994, V.C.S., sets out the procedure for the above described trial.

Your letter indicates that the city in question is incorporated under the general laws of this State.

It is our opinion that the above two Articles set out the proper method of, (1) determining whether a councilman should be removed for the stated cause, and (2) the procedure therefor.

We are not unmindful of Article 339, V.C.S., which reads as follows:

> "When it shall come to the knowledge of any district or county attorney that any officer in his district or county entrusted with the collection or safe keeping of any public funds is in any manner whatsoever neglecting or abusing the trust confided in him, or in any way failing to discharge his duties under the law, he shall institute such proceedings as are necessary to compel the performance of such duties by such officer and to preserve and protect the public interest."

Articles 5992 and 5994, V.C.S., and the above quoted Article 339, V.C.S., deal with the same general subject matter, namely, removal of officers. Articles 5992 and 5994, V.C.S., deal specifically with mayors and aldermen, whereas Article 339, V.C.S., is a general statute. The law is well settled that in such case a specific act will prevail over a general act. The Texas Supreme Court, in Townsend v. Terrel, 118 Tex. 463, 16 S.W.2d 1063 (1929), stated:

> "This rule of construction has found frequent and apt illustration where one of the supposedly conflicting statutes was general in its terms and the other specific. In such a case it is universally held that the specific statute more clearly evidences the intention of the Legislature than the general one, and therefore, that will control. In such a case, both statutes are permitted to stand -- the general one applicable to all cases except the particular one embraced in the specific statute."

See also:  Lufkin v. City of Galveston, 63 Tex. 437 (1885);
City of Austin v. Cahill, 99 Tex. 172, 88 S.W. 542 (1905);
Gabbert v. City of Brownwood, 176 S.W.2d 344 (Civ.App., 1943,
error ref.); Burkhart v. Brazos River Harbor Nav.Dist., 42 S.W.2d
96 (Civ.App., 1931); Sam Bassett Lumber Co. v. City of Houston,
145 Tex. 492, 198 S.W.2d 879 (1946).

You are therefore advised that it is our opinion that
it is not the duty of a county attorney or district attorney
to institute a suit for removal of an official of the governing
body of a city incorporated under the general laws of the State
of Texas.

Since you have advised us in connection with your ques-
tions that the penal code has not been violated and in view
of our answer to your second question, we find that we are
prohibited from answering your first question by virtue of
Article 4399, Vernon's Civil Statutes, as the matter involved
does not pertain to your official duties.

## SUMMARY

It is not the duty of an elected
County attorney or District attorney
to institute a suit for removal of an
official of the governing body of a
city incorporated under the general
laws of the State of Texas.

Yours very truly,

WILL WILSON
Attorney General of Texas

By /Elmer McVey
Assistant

EMcV/mw

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Riley Eugene Fletcher
Iola Wilcox
Jerry Roberts
REVIEWED FOR THE ATTORNEY GENERAL
By:  Leonard Passmore