Opinion issued August 31, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00681-CV

———————————

Office of the Attorney General of Texas, Appellant

V.

David S.
Crawford,
Appellee



 



 

On Appeal from the 311th District Court

Harris County, Texas



Trial Court Case No. 1994-14977

 



 

O P I N I O N

          This appeal calls upon us to determine
whether the Office of the Attorney General, in its capacity as the state’s
Title IV–D agency, has standing to sue to modify a child support order to
provide support for adult disabled children. 
Because the Family Code excludes the OAG from its statutory grant of
standing to specified classes of individuals authorized to bring such an
action, and the OAG has received no assignment of rights from any individual
who is authorized to file the suit, we affirm the trial court’s order of
dismissal.

Background

          Appellee David S. Crawford was divorced in 1994.  The divorce decree provided that his former
spouse would be the sole managing conservator of the couple’s two children,
W.C.C. and M.M.C.  Crawford was ordered
to pay monthly child support for both children until either of them turned 18
(or if fully enrolled in high school, graduated), and thereafter a reduced
amount of support for the remaining child on the same terms.  Subsequently he fell behind on his child support
payments.

Title IV–D of the
Social Security Act requires states to enforce child support obligations, and
the legislature has designated the Office of the Attorney General as the Title IV–D agency for Texas.[1]  The Family Code establishes the OAG’s rights
and responsibilities relating to the collection of child support.[2]  Pursuant to that authority, the OAG filed
suit against Crawford to enforce the child support order.  In May 2006, the trial court signed an agreed
order holding that Crawford owed approximately $11,000 in unpaid past child
support through February 2006.

          In
June 2007, the OAG filed a new
petition, this time seeking to modify the support order and confirm an
additional arrearage in child support payments. 
Crawford responded by filing an October 2007 motion to terminate child
support based on W.C.C. turning 18 in June 2003 and M.M.C. turning 18 in
September 2007. 
The OAG then filed a supplemental suit for modification of the child
support order.  It claimed that because
both of Crawford’s adult children suffer from disabilities that existed before
each turned 18, they are entitled to continuing support.  See
Tex. Fam. Code
Ann. §§ 154.301–.309 (Vernon 2008 &
Supp. 2009).

          Crawford
challenged the OAG’s authority to pursue the action in the absence of an
assignment from a person with standing to sue under Family Code section 154.303.[3]  In response the OAG argued that, as the Title IV–D agency, it had authority to bring
the suit based on general standing principles. 
Alternatively, the OAG
argued that it had an assignment as a matter of law due to the operation of
other provisions of the Family Code.  The
trial court ruled that the OAG did not demonstrate its standing and dismissed
the case without prejudice.  The OAG
appeals from this ruling.[4]

Analysis

In its sole issue, the OAG argues that its suit for
modification of a support order should not have been dismissed.  It claims to have independent standing to sue Crawford in order to modify the existing
child support order and require him to make support payments to benefit his adult
disabled children.  Standing is a
threshold issue for any lawsuit.  A party
who lacks standing cannot invoke the subject-matter jurisdiction of the
court.  See, e.g., Tex. Ass’n of Bus.
v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993).  Courts must pay scrupulous attention to
questions about a plaintiff’s standing out of respect for the separation of
governmental powers.  See id. at 444.

The only disputed issue in this
appeal is one of statutory construction, which we review de novo.  See
City of Rockwall v. Hughes, 246
S.W.3d 621, 625 (Tex. 2008).  The
supplemental suit for modification was filed by the OAG pursuant to Family Code
chapter 154, subchapter F, which authorizes court-ordered support
for adult disabled children.  The
statutory scheme includes a provision expressly identifying limited classes of
parties authorized to seek relief:

A suit
provided by this subchapter may be filed only by:

 

(1)  a parent of the child or another person having
physical custody or guardianship of the child under a court order; or

 

(2)   if the
child:

(A)  is 18 years of age or older;

(B)  does not have a mental disability; and

(C)  is determined by the court to be capable of
managing the child’s financial affairs.

 

Tex. Fam. Code Ann. § 154.303(a)
(Vernon 2008).  The statute also
contemplates that a party authorized to seek relief may assign that right to the OAG, in its
capacity as the State’s Title IV–D
agency:

The parent,
the child, if the child is 18 years of age or older, or other person may not
transfer or assign the cause of action to any person, including a governmental
or private entity or agency, except for an assignment made to the Title IV–D agency.

 

Id. § 154.303(b).  The OAG’s pleading did
not indicate that it had been assigned the right to file the suit.  Nor does the OAG now argue that its suit has been authorized in the form of an express
assignment from any of the persons granted standing to sue by section 154.303.

Instead, the OAG argues that in its capacity as the state’s Title IV–D agency, it has general
standing, apart from section 154.303,
to seek modification of the child support order.  In this regard it relies upon
Family Code section 102.007, which states that “In providing [Title IV–D] services
authorized by Chapter 231, the Title IV–D agency . . . may file a child support
action authorized under this title, including a suit for modification or a
motion for enforcement.”  Tex. Fam. Code Ann. § 102.007 (Vernon Supp. 2009).  The OAG’s suit seeks a modification of child support which is
authorized, in substance, under the title in question, Family Code title 5, which generally addresses
parent-child relationships and suits affecting the parent-child relationship.

The OAG also
argues that its general powers as the state’s Title IV–D agency establish its
standing.  The Family Code bestows upon the OAG qualified powers to “establish and enforce child support obligations,”[5] provide services required
by Title IV–D,[6] and represent the State in an
action relating to Title IV–D services.[7]  The OAG thus argues
that because it acquired the right to provide general Title IV–D services on
behalf of W.C.C. and M.M.C., it
also has standing to sue Crawford to modify the existing child support order.

Crawford
does not question the OAG’s general standing to provide Title IV–D services.  Instead, he contends that the OAG’s claim to
standing is expressly negated by Family Code section 154.303, which more specifically
addresses the standing question.  We
agree.  That statute provides that a suit
to obtain court-ordered support for a disabled adult child “may be filed only
by” specified parties, of whom the OAG is not one.  Id. § 154.303(a). 
The use of the word “only” expressly excludes from the scope of
statutory standing all persons other than those identified.[8]  “We rely on the plain meaning of the text
unless a different meaning is supplied by legislative definition, is apparent
from the context, or unless such a construction leads to absurd results.”  See,
e.g., State v. K.E.W., 315 S.W.3d
16, 2010 WL 2635981, at *4 (Tex. 2010). 
The plain meaning of section 154.303(a) thus precludes the OAG’s
arguments for standing to sue on more general principles, without resort to any
other interpretive aids.  This reading is
also consistent with the traditional rule of statutory construction in Texas
that the more specific statutory provision controls over the more general.  E.g.,
Horizon/CMS Healthcare Corp. v. Auld,
34 S.W.3d 887, 901 (Tex. 2000); Lufkin v.
City of Galveston, 63 Tex. 437, 439 (1885). 
We also note that the OAG’s general standing argument does violence to
the structure of section 154.303 because it would render meaningless section 154.303(b)’s requirement of a specific assignment to the
OAG.  The legislature could not have
intended such a result.  See In
re Derzapf, 219 S.W.3d 327, 332 (Tex. 2007).

          In the alternative, the OAG argues
that it received a general assignment as a matter of law, relying upon In re A.M.E., 71 S.W.3d 401 (Tex.
App—San Antonio 2001, no pet.), and Villarreal
v. Villarreal, No. 14‑03‑00577‑CV,
2004 WL 1381025 (Tex. App.—Houston [14th Dist.] June 22, 2004, no pet.) (mem.
op).  Both of these cases are
distinguishable because they involved the assignment of support rights to the
OAG which is legally deemed to occur upon an application for child support
services.[9]

To the contrary, in light of the
specific language of section 154.303,
which excludes the OAG from its grant of standing, all arguments based on
general principles of standing must fail. 
General standing rules do not apply when a statute creates an express
exception.  See, e.g., Bland Indep. Sch.
Dist., 34 S.W.3d at 556; Hunt v. Bass,
664 S.W.2d 323, 324 (Tex. 1984); Everett
v. TK-Taito, L.L.C., 178 S.W.3d 844, 850 (Tex. App.—Fort Worth 2005,
no pet.); In re Sullivan, 157 S.W.3d
911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding [mand. denied]).  For
that reason, the general principle under section 231.104 that the OAG has a
statutory assignment of support rights for the purpose of establishing and
enforcing child support and medical‑support obligations does not suffice
to establish the OAG’s standing to file this suit in light of the more specific
language and express exclusion of the OAG from the narrow class of individuals
granted standing to sue pursuant to section 154.303.

Similarly,
the fact that the OAG had standing to file its original petition to enforce
Crawford’s child support obligations does not mean that it maintained standing
to file a subsequent petition to require continuing support payments for adult
disabled children.  A party may have
standing to sue another for one purpose but not others; “standing is not
dispensed in gross.”  Lewis v. Casey, 518 U.S. 343, 358 n.6,
116 S. Ct. 2174, 2183 n.6 (1996).  In
this case, the OAG’s standing cannot be inferred from its prior action to
enforce support obligations because section 154.303 specifically provides that
unless it has received an assignment, the OAG does not have standing to file
suit for the purpose of establishing support for adult disabled children.

This result
does not preclude the OAG from assisting adult disabled children to obtain
support as provided in the Family Code. 
Our application of the statute merely enforces the legislature’s expressly
stated intent to require the OAG to obtain a specific assignment before doing
so.




 

We hold that Family Code section
154.303 requires a specific assignment from a person listed in section
154.303(a) in order for the OAG to have standing to sue to modify an existing child support order to
provide support for adult disabled children. 
It is undisputed that the OAG did not have such an assignment.  Accordingly, we affirm the trial court’s order
of dismissal.

 

 

                                                                   Michael
Massengale

                                                                   Justice


                                                                                            

Panel consists of Justices Jennings, Alcala,
and Massengale.

 











[1]
          See Office of Attorney Gen. v. Lee, 92 S.W.3d 526, 527 n.1 (Tex. 2002) (citing 42 U.S.C.
§ 654(4)).

 





[2]
          See id. (citing Tex. Fam. Code Ann. §§
231.001, .0011, .101 (Vernon 2008)).

 





[3]
          Crawford
initially presented this challenge in the form of a motion to show authority
pursuant to Rule 12 of the Texas Rules of Civil Procedure.  The OAG contends this issue should have been
presented by a plea to the jurisdiction instead.  Regardless of the procedural vehicle,
Crawford challenged the OAG’s standing, which is an essential prerequisite to
the court’s subject matter jurisdiction. 
See, e.g., Bland Indep. Sch. Dist. v. Blue, 34
S.W.3d 547, 553–54 (Tex. 2000) (noting that absence of subject‑matter
jurisdiction may be raised by procedural vehicles other than plea to
jurisdiction).

 





[4]
          Crawford
contends the case is moot because
he has paid the child support arrearage. 
As acknowledged in his brief, however, this fact is not contained within
the appellate record, and we are therefore unable to resolve the appeal on this
basis.

 





[5]
          Tex. Fam. Code Ann. § 231.002(d)(1)(A) (Vernon Supp. 2009).  Under this provision, “on approval by and in cooperation with the governor” the Title IV–D agency may establish
and enforce child support obligations pursuant to “reciprocal
arrangements with the federal government, another state, or a foreign country
or a political subdivision of the federal government, state, or foreign country.”  Id.

 





[6]
          Id. § 231.101(a)(3), (4) (Vernon Supp. 2009).  The services specifically authorized by this
provision include establishment of “child support and medical support
establishment” and the “review and adjustment of child support orders.”  Id.

 





[7]
          Id. § 231.109 (Vernon 2008).  This provision
applies to actions brought under the authority of federal law or under Family Code chapter 231. 
Id.

 





[8]
        See, e.g., The New Shorter Oxford English Dictionary on Historical Principles
2000 (Lesley Brown ed., 1993 ed.) (defining “only” to mean, among other things,
“no more than; nothing other than; . . . nothing more besides; solely, merely,
exclusively” or “By itself, alone, without anything else”).

 





[9]
          See Tex.
Fam. Code Ann. § 231.104(b) (Vernon 2008).  In re A.M.E. was a case in which the trial court allowed a child support obligor to
make arrearage payments directly to the child’s grandmother, instead of the
OAG.  In
re A.M.E., 71 S.W.3d at 402.  The San
Antonio Court of Appeals reversed, holding that Family Code section 231.104
requires that payments be made to the OAG when it provides Title IV–D
services.  Id. at 403.  No question
about an assignment of rights was presented in Villarreal, in which the OAG was asked to provide Title IV–D
services to collect unpaid child support under an existing child support
order.  The Fourteenth Court of Appeals
simply noted section 231.104’s requirement that
payments be made to the OAG when the OAG provides Title IV–D services, but it
was not a disputed issue in the case.  Villarreal, 2004 WL 1381025, at *1
n.1.  Neither A.M.E. nor Villarreal
presented a question about the OAG’s right to
sue to modify an existing child support
order to provide support for adult disabled children, and nothing in Family
Code section 231.104 purports to assign
to the OAG the right to file such a suit, as opposed to the right to collect
support.